OPINION and JOURNAL ENTRY
{¶ 1} Petitioner-relator, Veronica Blake, seeks a writ of mandamus to compel respondent Judge Robert C. Roberts of the Columbiana County Municipal Court to approve and Clerk of Courts Anthony J. Dattilio to file an agreed statement of the record on appeal in accordance with App.R. 9(C) or (D) concerning her appeal in New England Square CondominiumAssn. v. Blake, 7th Dist. No. 04-CO-40.
 {¶ 2} New England Square Condominium Assn. v. Blake, 7th Dist. No. 04-CO-40, is a civil appeal currently pending in this Court initiated by Blake. Blake attempted to file in this Court an "Agreed Statement as the Record on Appeal" in lieu of a formal transcript because she allegedly cannot afford to produce the formal transcript due to her indigency. On January 6, 2005, this Court refused to accept Blake's proposed "Agreed Statement" for two reasons. First, the "Agreed Statement" was not agreed to by counsel for plaintiff-appellee, New England Square Condominium Association. Second, the "Agreed Statement" did not bear the signature of the trial court approving it as the statement of evidence that was presented to the trial court.
 {¶ 3} On January 21, 2005, Blake filed in the trial court a "Motion to the Trial Court for Approval of Defendant's Agreed Statement as the Record on Appeal" and attached to it the "Agreed Statement" previously filed and rejected by this Court. Respondent, Judge Robert C. Roberts (Judge Roberts), who presided over the trial proceedings from which Blake is appealing, declined to approve the "Agreed Statement" on January 25, 2005, for two reasons. First, neither appellee or its counsel agreed to the "Agreed Statement." Second, Judge Roberts found that a transcript of the complete proceedings at trial is available and is necessary in order to present fully the issues raised on appeal.
 {¶ 4} Blake subsequently filed in New England Square CondominiumAssn. v. Blake, 7th Dist. No. 04-CO-40, a "Motion in Opposition" of the trial court's refusal to approve her "Agreed Statement," and requested further relief. On March 14, 2005, this Court refused to grant Blake the relief requested and allowed her thirty (30) days to further prosecute the appeal in accordance with the Ohio Rules of Appellate Procedure or the appeal would be dismissed.
 {¶ 5} Blake then filed this "Complaint In Mandamus" on April 11, 2005, seeking to compel Judge Robert Roberts to approve and the Clerk of Courts, Anthony J. Dattilio, to file an agreed statement of the record on appeal in accordance with App.R. 9(D) concerning her appeal in New EnglandSquare Condominium Assn. v. Blake, 7th Dist. No. 04-CO-40. Subsequently, respondents requested dismissal of Blake's complaint.
 {¶ 6} R.C. 2731.04 specifies that actions for a writ of mandamus must be brought "in the name of the state on the relation of the person applying." The Ohio Supreme Court has itself repeatedly dismissed and affirmed dismissals of petitions for writs of mandamus when the actions were not so captioned, the respondents raised timely objections, and the relators failed to amend their petitions. Blankenship v. Blackwell,103 Ohio St.3d 567, 574, 2004-Ohio-5596, 817 N.E.2d 382. In this case, Blake has failed to properly caption her complaint "in the name of the state on the relation of the person applying." Rather, the complaint is captioned "Veronica A. Blake, Relator vs. Judge Robert C. Roberts, et al., Respondent."
 {¶ 7} Accordingly, this action is hereby dismissed.
 {¶ 8} Final order. Costs taxed against Relator, Clerk to serve notice as provided by the civil rules.
Donofrio, P.J., concurs.
Waite, J., concurs.
DeGenaro, J., concurs.