[Cite as *In re: Krankovich*, 2018-Ohio-2484.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## HARRISON COUNTY

IN RE:

PETITIONER KETURAH KRANKOVICH,

---

### OPINION AND JUDGMENT ENTRY
### Case No. 17 HA 0011

---

Writ of Mandamus

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Keturah Krankovich*, *Pro se*, 85152 Bakers Ridge Road, Jewett, Ohio  43986

*Atty. Steven D. Barnett*, Special Prosecuting Attorney,
Harrison County, Ohio, 7 East Main Street, Carrollton, Ohio  44615, for Respondent,
The Honorable Linton D. Lewis, Jr., Judge.

Dated:  June 22, 2018

**PER CURIAM.**

{¶1}    Petitioner Keturah Krankovich, proceeding on her own behalf, has filed a petition for a writ of mandamus against Respondent Judge Linton D. Lewis, Jr. Petitioner seeks to compel Respondent to comply with instructions this Court entered

after consideration of an appeal from a divorce case in which Petitioner was a party. Respondent has filed a motion to dismiss.

{¶2} Petitioner and Daniel Krankovich are parties to a divorce action in the Harrison County Common Pleas Court. Respondent is presiding over the case by assignment. Following a hearing, Respondent granted the divorce and Petitioner appealed. We reversed the spousal support award and distribution of personal property, and remanded with certain instructions. The balance of the trial court's decision was affirmed. *Krankovich v. Krankovich*, 7th Dist. No. 16 HA 0001, 2016-Ohio-8215.

{¶3} Upon remand, the trial court set the matter for a hearing to facilitate our instructions concerning the distribution of personal property. On April 28, 2017 the court entered an order which stated in relevant part:

Within 10 days from the date of this Order, the Plaintiff and Defendant shall present this Court with a document titled as Exhibit A which shall include all items which the Plaintiff shall receive as agreed to by the parties. Likewise, an Exhibit B shall be prepared listing the items that the Defendant shall receive by agreement of the parties. Additionally, the parties shall prepare an Exhibit C which will list all items upon which the parties cannot agree. Parties and their Counsel shall each sign Exhibits A, B and C setting forth their agreement to the same. The Exhibit C items shall be auctioned with the proceeds to be taken into account by the Court during distribution of the marital assets. The parties shall agree as to the auctioneer. Should the parties be unable to agree on an auctioneer, each

party shall select an auctioneer with the two in turn to select the auctioneer to handle the sale herein.

{¶4} Thereafter, Petitioner's attorney filed a motion to withdraw. The parties did not submit the documents as ordered by Respondent. Consequently, on May 17, 2017, Respondent issued another order which in relevant part provided:

[P]ending the filing of the documents required by this Court in its written Order of April 28, 2017, the case at bar is hereby removed from the active docket of this Court. This matter is hereby stayed and the same shall be noted upon the Ohio Supreme Court Statistical Report.

{¶5} Petitioner belatedly filed documents on November 14, 2017, purporting to comply with the April 28, 2017 order. The trial court was apparently unaware of this filing. On December 11, 2017, Petitioner filed this petition for a writ of mandamus. Learning of Petitioner's attempt to comply with the trial court's previous order, Respondent set the matter for a review hearing on January 8, 2018, so long as the present mandamus action was not still pending before this Court.

{¶6} Turning to the petition presently before us, R.C. 2731.04 specifies that actions for a writ of mandamus must be brought "in the name of the state on the relation of the person applying." This court has previously noted that the Ohio Supreme Court has itself repeatedly dismissed and affirmed dismissals of petitions for writs of mandamus when the actions were not so captioned, the respondents raised timely objections, and the petitioners failed to amend their petitions. *Blake v. Roberts*, 7th Dist. No. 05-CO-17, 2005-Ohio-4377, ¶ 6, citing *Blankenship v. Blackwell,* 103 Ohio St.3d 567, 574, 2004-Ohio-5596, 817 N.E.2d 382; *Shoop v. State*, 144 Ohio St.3d 374,

Case No. 17 HA 0011

2015-Ohio-2068, 43 N.E.3d 432, ¶ 10. In this case, Petitioner has failed to properly caption her complaint "in the name of the state on the relation of the person applying." Rather, the petition is captioned "In Re Petitioner KETURAH KRANKOVICH."

{¶7} Accordingly, Petitioner's petition is dismissed. Final order. Costs taxed against Petitioner. Clerk to serve notice as provided by the civil rules.

**JUDGE CHERYL L. WAITE**

**JUDGE GENE DONOFRIO**

**JUDGE CAROL ANN ROBB**

Case No. 17 HA 0011