THE STATE EX REL. JACKSON, APPELLANT, *v.* CALABRESE, JUDGE, APPELLEE.

[Cite as *State ex rel. Jackson v. Calabrese*, 143 Ohio St.3d 409, 2015-Ohio-2918.]

(No. 2014–1608—Submitted April 14, 2015—Decided July 23, 2015.)

_____

**Per Curiam.**

{¶ 1} We affirm the Eighth District Court of Appeals' granting of the appellee's motion for summary judgment in an action filed by appellant, Lawrence Jackson, for a writ of mandamus to compel appellee, Judge Deena R. Calabrese, of the Cuyahoga County Court of Common Pleas, to journalize a decision denying a motion to suppress. The court of appeals' judgment was proper because the complaint failed to satisfy the requirements of R.C. 2969.25(C) and because the action is moot.

{¶ 2} In his complaint, Jackson claimed that he filed a motion to suppress in his criminal action on June 28, 2011. Judge Calabrese overruled the motion in open court on September 29, 2011, and indicated that she would journalize an entry on the same day.

{¶ 3} Jackson alleged that the entry was never filed and that he has a right to have the oral decision reduced to writing. He also requested that the entry set forth Judge Calabrese's findings of fact and conclusions of law.

{¶ 4} Jackson filed this mandamus action on June 20, 2014, in the Eighth District Court of Appeals. Judge Calabrese filed a motion for summary judgment. The court of appeals granted the judge's motion on September 4, 2014. Jackson appealed to this court.

{¶ 5} We affirm for two reasons. First, the court of appeals correctly found that Jackson failed to comply with R.C. 2969.25(C). That statute requires that an inmate who seeks a waiver of the prepayment of filing fees shall also file a statement, certified by the institutional cashier, setting forth the balance of his inmate account for the six months previous to the filing of the complaint. Jackson did not file the statement. " 'The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.' " *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, 951 N.E.2d 389, ¶ 1, quoting *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5; *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830, ¶ 1. Moreover, even though Jackson attempted to amend his complaint to include the statement, the statute does not permit delayed statements. R.C. 2969.25(C); *Boles* at ¶ 2; *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 9.

{¶ 6} Second, the court of appeals properly granted summary judgment because Judge Calabrese had, in fact, filed an entry on the motion to suppress. The entry sufficiently journalized Judge Calabrese's decision overruling Jackson's motion and therefore rendered Jackson's action in mandamus moot.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Lawrence B. Jackson, pro se.

Timothy McGinty, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.