[Cite as *Evans v. Ohio Dept. of Rehab. & Corr.*, 2015-Ohio-3492.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

William H. Evans, Jr.,                    :

    Plaintiff-Appellant,          :

v.                                        :          No. 15AP-463
                                                     (Ct. of Cl. No. 2014-732)
Ohio Department of Rehabilitation and     :
Correction,                                          (REGULAR CALENDAR)

                                          :
    Defendant-Appellee.

                                          :

D E C I S I O N

Rendered on August 27, 2015

*William H. Evans, Jr.*, pro se.

*Michael DeWine*, Attorney General, and *Christopher L. Bagi*, for appellee.

APPEAL from the Court of Claims of Ohio

TYACK, J.

{¶ 1} William H. Evans, Jr., is appealing from the trial court's dismissal of his civil suit against the Ohio Department of Rehabilitation and Correction ("ODRC"). He assigns two errors for our consideration:

> ERROR ONE: COURT ERRED IN HOLDING THAT A CLAIM FOR NEGLIGENCE IS NOT STATED.
>
> ERROR TWO: COURT ERRED IN FAILING TO [FILE] THE EXHIBIT ACCOMPANYING THE COMPLAINT, AND ERRED IN FAILING TO COMPEL IT'S LABORATORY TESTING.

{¶ 2} Evans is an inmate at Ross Correctional Institution ("RCI"). In his lawsuit, he alleged that he found a sizable foreign object in the food he was served at RCI. Food at

the institution is provided by Aramark Corporation which has the food service contract with ODRC for several state prisons and institutions.  Specifically, Evans alleged that he found parts of a mouse in the tuna casserole he was served.

{¶ 3}  Evans took the foreign object back to his prison cell and decided to file a lawsuit in the Court of Claims of Ohio.  He attached at least a part of it to the complaint he filed in that court and indeed the pieces of something are still in the record forwarded to us from that court.  The Court of Claims of Ohio does not yet do electronic filing and forwarding of the record through electronic means.

{¶ 4}  In his complaint, Evans alleged that the food service areas at RCI are generally unsanitary and mentions that another inmate at RCI recently found a cockroach in his meal.  Upon requesting a replacement meal, the inmate was told to eat it or throw it out.

{¶ 5}  The complaint also alleges that Aramark Corporation and staff are tipped off about inspections in advance so the facilities are always in good shape when the inspectors arrive.

{¶ 6}  Evans is a little vague as to the extent of relief he is requesting, but he apparently wanted the Court of Claims to publicize the situation at RCI and to get the foreign object analyzed to determine what he had bitten into and almost swallowed.  He wanted the Court of Claims to get conditions improved at RCI.  He also requested a jury trial and an award of damages of greater than $25,000.

{¶ 7}  The office of the Ohio Attorney General ("OAG"), on behalf of ODRC, filed a motion to dismiss.  Counsel for ODRC alleged that Evans had failed to state a claim for relief.  The OAG also alleged that Evans had sued the wrong entity in suing ODRC as opposed to Aramark Corporation.

{¶ 8}  Evans filed a memorandum contra the motion to dismiss arguing that ODRC had a duty to force Aramark to provide edible food and assure sanitary conditions in the food preparation and service areas of RCI.  He also requested a preliminary injunction be issued.

{¶ 9}  As a part of his secondary filings, Evans provided records of the efforts he had made to get the issues he raised addressed with RCI through pursuing its informal

complaint resolution procedures and grievances procedures.   Apparently, Evans' grievances were forwarded to the Aramark supervisor at RCI for "resolution."

{¶ 10} The motion to dismiss was referred to a magistrate to assist the assigned judge in the Court of Claims.  Either the magistrate or judge generated an entry of dismissal which acknowledged that Evans had alleged a breach in a duty of care by ODRC in serving Evans contaminated food.  However, the dismissal was based on a finding that Evans had not sustained any actual injury as a result.

{¶ 11} In deciding whether to dismiss a complaint, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted, the trial court must presume all factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff, drawing all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. We review de novo the dismissal of a complaint pursuant to Civ.R. 12(B)(6). *Shockey v. Wilkinson*, 96 Ohio App.3d 91, 94 (4th Dist.1994).

{¶ 12} The basis for dismissal cannot withstand close analysis, especially at this early stage of the proceedings.  Evans' complaint can be construed as alleging injury in that he states the allegedly rodent infested food has caused "damages of contamination with potentially lethal diseases" as well as "making it an arduous endeavor to make oneself go to eat the necessary meals, on a daily basis." (Complaint, ¶ 21.)  Very few of us would feel that we had not been damaged or harmed if we took a bite of food and found we were chewing on cartilage, bone or soft tissue from a rodent.  Evans clearly felt he had been harmed and so alleged.  The fact that he did not get a serious disease as a result of his chewing on the rodent pieces does not mean that he was not harmed.

{¶ 13} The first assignment of error is sustained.

{¶ 14} Addressing the second assignment of error, Evans could not know that the pieces of contaminate were in fact preserved and still exist in the file from the Court of Claims.  For that reason, the first part of his second assignment of error is overruled.

{¶ 15} The Court of Claims is an adjudicating body, not an investigative entity. The office of the Ohio Attorney General, which has its own laboratories, might want to investigate what its client served to inmate Evans. Perhaps Evans can interest the Ohio Civil Service Employees' Association ("OCSEA"), the union which used to handle food service for RCI, in investigating what Aramark served an inmate at RCI. Perhaps an attorney who represents inmates in lawsuits against ODRC will take interest and try to get the animal pieces analyzed. In any event, the Court of Claims is under no duty to do what Evans asks.

{¶ 16} The balance of the second assignment of error is overruled.

{¶ 17} The dismissal of the lawsuit is reversed and the case is remanded to the Court of Claims of Ohio for further appropriate proceedings.

*Judgment reversed and remanded*
*for further proceedings.*

HORTON, J., concurs.
KLATT, J., dissents.

KLATT, J., dissenting.

{¶ 18} Because I agree with the trial court that the appellant failed to state a claim for negligence, I respectfully dissent.

{¶ 19} Appellant does not allege that he sustained any physical injury or damage. In fact, the allegations in his complaint indicate that appellant did not suffer any physical injury or damage. Rather, his allegations indicate that he is worried about the potential for future physical injury or damage due to appellee's alleged negligence. Reading appellant's allegations liberally, he does suggest that he may have suffered an emotional injury. However, an emotional injury, by itself, is not sufficient to support a negligence claim unless that emotional or psychiatric injury would be "severe and debilitating" to a reasonable person. *Paugh v. Hanks*, 6 Ohio St.3d 72 (1983). Moreover, a court may decide whether a plaintiff has stated a cause of action in tort for purely emotional distress by ruling whether the emotional injury alleged is "serious" as a matter of law. *Powell v. Grant Med. Ctr.*, 148 Ohio App.3d 1, 2002-Ohio-443, ¶ 16 (10th Dist.), citing *Paugh*.

{¶ 20} Here, taking all of appellant's allegations as true, appellant's complaint falls well short of alleging facts that could arguably support a "severe and debilitating emotional injury." For these reasons, I respectfully dissent from the majority decision.