[Cite as *Prewitt v. Wood Cty. Pros.*, 2016-Ohio-1477.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Dan R. Prewitt

    Appellant

v.

Wood County Prosecutor's Office, et al.

    Appellees

Court of Appeals No. WD-15-029

Trial Court No. 2014CV0230

**DECISION AND JUDGMENT**

Decided: April 8, 2016

* * * * *

Dan R. Prewitt, pro se.

Paul A. Dobson, Wood County Prosecuting Attorney, and
Arlen B. de la Serna, Assistant Prosecuting Attorney, for appellee
Wood County Prosecutor's Office.

Teresa L. Grigsby, for appellee Lake Township Police Department.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated pro se appeal from a judgment of the Wood County

Court of Common Pleas that sua sponte dismissed with prejudice appellant Dan R.

Prewitt's pro se complaint against the Wood County Prosecutor's Office and the Lake Township Police Department for failure to state a legally cognizable claim.

{¶ 2} The record reflects that on January 11, 2014, appellant picked up his granddaughter from school and took her to his residence, which he shares with the child's father. Neither appellant nor the child's father had custody of the child at that time. On January 13, 2014, Lake Township Police Chief Mark Hummer, acting on authority of a prior court order and upon advice of the Wood County Prosecutor, went to appellant's home to remove the child and return her to her aunt, who at that time had custody.

{¶ 3} On May 5, 2014, appellant filed the complaint at issue. Appellant alleged that the child was in his "protected care" and that the "best interest of the child supersedes any orders of the court." The complaint alleged that Chief Hummer was "ordered" by the Wood County Prosecutor to enter his residence and that said entry was made without a warrant and without consent. In the complaint, appellant suggested claims including warrantless entry, false arrest and excessive force. On March 6, 2015, the trial court sua sponte dismissed the complaint for failure to state a claim.

{¶ 4} On appeal, appellant sets forth two assignments of error, both of which challenge the trial court's dismissal of his complaint. Appellant argues that the trial court unfairly dismissed his complaint without offering him an opportunity to amend it to cure the pleading deficiencies and without clarifying how to do so. He also asserts that the trial court improperly dismissed the complaint with prejudice.

2.

**{¶ 5}** Pro se litigants are not accorded greater rights than parties who retain counsel, and the trial court does not have a duty to assist a pro se litigant in remedying deficient pleadings. *See Citibank S.C., N.A. v. Wood*, 169 Ohio App.3d 269, 2006-Ohio-5755, 862 N.E.2d 576 (2d Dist.). Additionally, there are no factual allegations in the complaint sufficient to state a claim for any of the causes of action asserted by appellant. Rather, the complaint contains a series of unsupported legal conclusions. Appellant's complaint also fails to comply with the pleading requirements of Civ.R. 8(A)(1), as appellant failed to allege sufficient underlying facts to support the alleged claim and simply stated legal conclusions. Finally, we note the complaint also contains a section titled "Immunity" which sets forth a general discussion of immunity law and is clearly outside the bounds of pleading requirements.

**{¶ 6}** Ohio courts have held that "[t]he power to dismiss for failure to prosecute is within the sound discretion of the trial court, and appellate review is confined solely to whether the trial court abused its discretion." *Williams v. RPA Devel. Corp.*, 10th Dist. Franklin No. 07AP-881, 2008-Ohio-2695, ¶ 6 (citation omitted). Further, the Supreme Court of Ohio has held that sua sponte dismissals without notice and an opportunity to amend are appropriate if the complaint is frivolous or obviously without merit. *See State ex. rel. Fogel v. Steiner*, 74 Ohio St.3d 158, 161, 656 N.E.2d 1288 (1995).

**{¶ 7}** Based on the foregoing and our review of the record, we find that the trial court did not abuse its discretion by dismissing the complaint. Appellant's first assignment of error is not well-taken.

3.

**{¶ 8}** In his second assignment of error, appellant asserts that the trial court should not have dismissed his complaint with prejudice. While we recognize that Ohio courts ordinarily favor the disposition of a case on the merits, given the fact that appellant has no legal authority to bring this particular cause of action since he did not have custody of the minor child, we are unable to find that the trial court abused its discretion in dismissing the complaint with prejudice. Accordingly, appellant's second assignment of error is not well-taken.

**{¶ 9}** On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____
                                 JUDGE

Thomas J. Osowik, J.

Stephen A. Yarbrough, J. _____
CONCUR.                                JUDGE

_____
                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.