[Cite as *Herrington v. Lazaroff*, 2016-Ohio-7655.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| DAMOND D. HERRINGTON | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Petitioner | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15CA102 |
| ALLEN LAZAROFF, WARDEN | : |  |
|  | : |  |
| Respondent | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:      Writ of Habeas Corpus, Richland County Court of Common Pleas, Case No. 2008-06-2074(A)

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      November 7, 2016

APPEARANCES:

For Plaintiff-Appellant

JONATHAN R KHOURI
Assistant Attorney General
150 East Gay Street, 16th Fl.
Columbus, OH 43215

For Defendant-Appellee

DAMOND D. HERRINGTON PRO SE
#A562-202
Mansfield Correctional Institution
1150 North Main St.
Mansfield, Oh 44901

*Gwin, P.J.*

{¶1} Petitioner Damond D. Herrington has filed a petition for Writ of Habeas Corpus requesting his conviction for attempted aggravated murder be vacated on the basis attempted murder is not a crime cognizable in Ohio.  Respondent has filed a motion to dismiss.

{¶2} R.C. 2969.25(A) governs the procedure for actions filed by inmates and provides in relevant part, "(A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."

{¶3} "Habeas corpus actions are "civil actions," within meaning of statutes imposing requirements for the filing of civil actions by inmates, such as requiring an affidavit of civil litigation history. R.C. § 2969.21 et seq." *Fuqua v. Williams,* 2003–Ohio–5533, 100 Ohio St.3d 211, 797 N.E.2d 982, HN 1.

{¶4} The petition in this case did not contain an affidavit of prior civil actions.

{¶5} The Supreme Court has approved the dismissal of a habeas petition where an inmate fails to file an affidavit in compliance with R.C. 2969.25. See *Fuqua v. Williams,* 2003–Ohio–5533, 100 Ohio St.3d 211, 797 N.E.2d 982, HN 1.

{¶6} Further, Relator has failed to comply with R.C. 2969.25(C)(1), which mandates that he file a statement setting forth his inmate account balance "for each of the preceding six months, as certified by the institutional cashier." *State ex rel. Jackson v. Calabrese,* 143 Ohio St.3d 409, 2015–Ohio–2918, 38 N.E.3d 880; *State ex rel. Castro v. Corrigan,* 129 Ohio St.3d 342, 2011–Ohio–4059, 952 N.E.2d 497.

{¶7}    "'The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.'" *Boles v. Knab,* 129 Ohio St.3d 222, 2011–Ohio–2859, 951 N.E.2d 389, ¶ 1, quoting *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003–Ohio–2262, 788 N.E.2d 634, ¶ 5; *State ex rel. McGrath v. McDonnell,* 126 Ohio St.3d 511, 2010–Ohio–4726, 935 N.E.2d 830, ¶ 1.

{¶8}    After Respondent filed the motion to dismiss raising the petition's defects, Petitioner filed a motion to "expand the record" to include his inmate account information. Petitioner refused to serve the motion to upon Respondent even after being given an opportunity to perfect service.  Further, the statute requires the affidavit be filed at the time of commencement of the action.  For these reasons, leave to supplement the petition was denied.

{¶9}    Because Petitioner failed to file an affidavit of his prior civil actions at the time the petition was filed and because Petitioner failed to file his inmate account statement, we grant the motion to dismiss the petition.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur

WSG:clw 0929