[Cite as *State ex rel. Evans v. McGrath*, 2017-Ohio-7418.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex. rel. William H. Evans, Jr., :

       Relator, :

v. : No. 17AP-40

McGrath, Judge, Court of Claims, : (REGULAR CALENDAR)

       Respondent. :

D E C I S I O N

Rendered on August 31, 2017

**On brief:** *William H. Evans, Jr.,* pro se.

**On brief:** *Mike DeWine*, Attorney General, and *Jordan S. Berman*, for respondent.

IN MANDAMUS AND PROHIBITION

TYACK, P.J.

{¶ 1} Counsel for Judge Patrick McGrath has filed a motion under Civ.R. 53(D)(2)(b) asking us to overturn an order of our magistrate. Counsel had filed a motion asking us to dismiss a lawsuit filed by inmate William H. Evans, Jr. Our magistrate did not grant the motion.

{¶ 2} William H. Evans, Jr., is a person who frequently uses the court system, especially the Court of Claims of Ohio. One of his lawsuits alleged that Evans found rodent parts in a meal he was served. The Court of Claims initially dismissed the lawsuit at the pleading stage, but we reversed the dismissal on appeal. Our dismissal was based on the fact that the Court of Claims had no facts before it, only the allegations in Evans' complaint in negligence. We also had no facts before us, only the claim provided in the

complaint filed by Evans. We returned the case to the Court of Claims for a trial or for summary judgment proceedings.

{¶ 3} Evans has apparently misunderstood our decision. For purposes of a motion to dismiss, we must assume what he says is true and then see if what he says could be the basis for a complaint in negligence. The assumption of truth solely for the purpose of evaluating the complaint is not a finding of fact in any way. Our mandate following his first appeal was only to develop some facts and then address the merits of Evans' claim that he was hurt as a result of governmental negligence.

{¶ 4} Before the Court of Claims addressed the underlying merits of his negligence claim, Evans filed this original action in mandamus and prohibition in our court. Viewed as an action in prohibition, the new lawsuit is utterly without merit. The Court of Claims must further address the negligence case in order to comply with our mandate.

{¶ 5} Viewed as an action in mandamus, the Court of Claims is only compelled to comply with our mandate to address the underlying merits of the negligence. The Court of Claims is not compelled to decide the case one way or the other. Stated somewhat differently, if Evans can prove what he claimed in his negligence complaint, he might be entitled to recovery. We cannot and will not compel the Court of Claims of Ohio to find liability based on nothing more than what Evans stated in his negligence complaint.

{¶ 6} In summary, this lawsuit in mandamus and prohibition has no merit. We set aside our magistrate's order which did not dismiss this case and order that this action in mandamus and prohibition be dismissed.

*Case dismissed.*

KLATT and DORRIAN, JJ., concur.

————————————