[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Evans v. McGrath,* Slip Opinion No. 2017-Ohio-8290.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8290

THE STATE EX REL. EVANS, APPELLANT, *v.* MCGRATH, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Evans v. McGrath,* Slip Opinion No. 2017-Ohio-8290.]

*Prohibition—R.C. 2969.25(C)(1)—Failure to document balance of inmate account for six months preceding filing of petition—Court of appeals' dismissal of petition affirmed.*

(No. 2016-1911—Submitted June 20, 2017—Decided October 25, 2017.)

APPEAL from the Court of Appeals for Franklin County,

No. 16AP-238, 2016-Ohio-8348.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Tenth District Court of Appeals dismissing the petition of appellant, William H. Evans Jr., for a writ of prohibition against appellee, Court of Claims Judge Patrick M. McGrath.

**{¶ 2}** Evans, an inmate at Ross Correctional Institution, filed a negligence action against the Ohio Department of Rehabilitation and Correction in 2014. Judge McGrath dismissed the action, but the appellate court reversed the judgment and remanded the cause for further proceedings. *Evans v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 15AP-463, 2015-Ohio-3492, ¶ 12, 17. On remand, Judge McGrath denied Evans's motion for summary judgment.

**{¶ 3}** On March 30, 2016, Evans filed a petition for a writ of prohibition in the Tenth District Court of Appeals, arguing that Judge McGrath lacked jurisdiction to deny his summary-judgment motion. According to Evans, Judge McGrath is "holding proceedings which are barred by 'law of the case,' 'res judicata,' and the 'mandate rule.' "

**{¶ 4}** On December 22, 2016, the court of appeals dismissed Evans's petition for noncompliance with the mandatory filing requirements of R.C. 2969.25(C)(1). Evans appealed.

**{¶ 5}** Under R.C. 2969.25(C)(1), an inmate who moves to waive payment of filing fees when filing a petition for a writ in the court of appeals, as here, must file with his or her petition "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding sixth months, as certified by the institutional cashier." This court has long held that this requirement is "mandatory, and failure to comply * * * subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5.

**{¶ 6}** Evans concedes that his filing is not in compliance with R.C. 2969.25(C)(1), but he offers several reasons why we should reverse the Tenth District's dismissal of his petition. First, he argues that R.C. 2969.25(C)(1) does not require strict compliance and that interpreting it as mandatory is unconstitutional. But he has failed to rebut the presumed constitutionality of the statute, and we have previously rejected a similar argument raised by another inmate. *See Boles v. Knab*, 129 Ohio St. 3d 222, 2011-Ohio-2859, 951 N.E.2d 389,

¶ 3; *see also Cleveland v. State,* 128 Ohio St.3d 135, 2010-Ohio-6318, 942 N.E.2d 370, ¶ 6 (statutes are presumed constitutional and will not be invalidated unless the challenger establishes that the legislation is unconstitutional beyond a reasonable doubt).

{¶ 7} Second, Evans argues that he should be given an opportunity to cure the defect. But noncompliance with R.C. 2969.25(C)(1) cannot be cured by amendment after a petition is filed. *State ex rel. Jackson v. Calabrese*, 143 Ohio St.3d 409, 2015-Ohio-2918, 38 N.E.3d 880, ¶ 5. And "[p]ro se litigants are not afforded greater rights than parties who retain counsel" or entitled to a court's assistance "in remedying deficient pleadings." *Prewitt v. Wood Cty. Prosecutor's Office*, 6th Dist. Wood No. WD-15-029, 2016-Ohio-1477, ¶ 5.

{¶ 8} Finally, Evans argues that an internal prison policy—the cashier allegedly "will not send the 6-month statement to the inmate"—excuses his noncompliance. But as we have previously explained, a prisoner can forward his petition and other documents to the prison cashier so the cashier can mail all pertinent documentation to the court clerk. *Boles* at ¶ 4. Indeed, Evans's own brief suggests that he has already done just that, refiling his petition in the Tenth District with the appropriate documentation. Thus, the alleged prison policy did not prevent Evans from complying with R.C. 2969.25(C)(1).

{¶ 9} For these reasons, we affirm the judgment of the court of appeals dismissing Evans's prohibition petition. We also deny Evans's "motion for this court to determine the entire matter * * * on merits."

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

O'NEILL, J., dissents for the reasons set forth in his dissenting opinion in *Robinson v. Miller*, 148 Ohio St.3d 429, 2016-Ohio-7828, 71 N.E.3d 255.

_____

William H. Evans Jr., pro se.

Michael DeWine, Attorney General, and Bridget C. Coontz, Assistant Attorney General, for appellee.

_____