[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Evans v. McGrath,* Slip Opinion No. 2018-Ohio-3018.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-3018

THE STATE EX REL. EVANS, APPELLANT, *v.* MCGRATH, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Evans v. McGrath,* Slip Opinion No. 2018-Ohio-3018.]

*Mandamus and prohibition—Court of Claims did not fail to comply with an appellate court's mandate—Court of Appeals' judgment affirmed.*

(No. 2017-1259—Submitted February 27, 2018—Decided August 2, 2018.)

APPEAL from the Court of Appeals for Franklin County,

No. 17AP-40, 2017-Ohio-7418.

_____

**Per Curiam.**

{¶ 1} Appellant, William H. Evans Jr., appeals the judgment of the Tenth District Court of Appeals dismissing his complaint for writs of mandamus and prohibition against appellee, Judge Patrick M. McGrath of the Court of Claims.  We affirm the judgment of the court of appeals.

**Background**

**{¶ 2}** In 2014, Evans, then an inmate at the Ross Correctional Institution, filed a negligence action against the Ohio Department of Rehabilitation and Correction in the Ohio Court of Claims. Judge McGrath dismissed the suit, but Evans appealed, and the Tenth District reversed and remanded "for further appropriate proceedings." *Evans v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin No. 15AP-463, 2015-Ohio-3492, ¶ 17.

**{¶ 3}** While Evans's negligence action was pending on remand, he filed with the Tenth District a complaint for writs of prohibition and mandamus against Judge McGrath. He sought an order prohibiting Judge McGrath from conducting proceedings on the defendant's liability and requiring him to hold a damages-only hearing on Evans's negligence claim. The court of appeals dismissed Evans's complaint for the writs on the grounds that he had misunderstood its order to the Court of Claims, which held only that Evans had met the liberal pleading standards required of complaints for negligence and not that Evans had prevailed on the merits. *State ex rel. Evans v. McGrath*, 10th Dist. Franklin No. 17AP-40, 2017-Ohio-7418, ¶ 4-5.

**Legal Analysis**

**{¶ 4}** To be entitled to a writ of mandamus, Evans must establish (1) a clear legal right to the requested relief, (2) a corresponding legal duty on the part of Judge McGrath to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Marsh v. Tibbals*, 149 Ohio St.3d 656, 2017-Ohio-829, 77 N.E.3d 909, ¶ 24. Three elements are necessary for a writ of prohibition to issue: the exercise of judicial power, the lack of authority for the exercise of that power, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. He must prove entitlement to the writs by clear and convincing evidence. *State ex rel. Marsh* at ¶ 24. "Our plenary authority in extraordinary actions permits us to

consider the instant appeal as if it had been originally filed in this court." *State ex rel. Minor v. Eschen*, 74 Ohio St.3d 134, 138, 656 N.E.2d 940 (1995).

**{¶ 5}** Evans contends that mandamus and/or prohibition are appropriate to restrict Judge McGrath on remand to holding a damages-only hearing. In support, he cites res judicata, the law of the case, and the "cross-error rule." However, the court of appeals decided only that Evans's complaint sufficiently alleged the elements of a negligence claim and could withstand a motion to dismiss under Civ.R. 12(B)(6) ("failure to state a claim upon which relief can be granted"). It did not, as Evans contends, determine that Evans had *proven* negligence such that Judge McGrath would be required to hold a damages-only hearing.

**{¶ 6}** A writ of mandamus "is an appropriate remedy to require a lower court to comply with an appellate court's mandate directed to that court." *State ex rel. Heck v. Kessler*, 72 Ohio St.3d 98, 100, 647 N.E.2d 792 (1995). However, the court of appeals did not order the court to determine the negligence action in Evans's favor, and nothing in the record suggests that Judge McGrath is refusing to comply with the mandate of the court of appeals. Nor does Judge McGrath lack the authority to preside over a claim for relief in negligence. Therefore, the court of appeals correctly dismissed Evans's complaint in mandamus and prohibition.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

_____

William H. Evans Jr., pro se.

Michael DeWine, Ohio Attorney General, and Bridget C. Coontz, Assistant Attorney General, for appellee.

_____