[Cite as *State v. Whitman*, 2019-Ohio-1854.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J |
| Respondent | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2019CA00024 |
| RICHARD WHITMAN | |
| Relator | O P I N IO N |

CHARACTER OF PROCEEDINGS:      Writ of Mandamus

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      May 14, 2019

APPEARANCES:

For Respondent

JOHN D. FERRERO
STARK COUNTY PROSECUTOR

KRISTINE W. BEARD
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South, Ste. #510
Canton, Ohio  44702-1413

For Relator

RICHARD WHITMAN, *pro se*
Belmont Correctional Institution #A694724
P.O. Box 540
St. Clairsville, Ohio  43950

*Hoffman, P.J.*

{¶1} Richard Whitman has filed a Verified Complaint for Writ of Mandamus. The State of Ohio has filed a motion to dismiss. The complaint is procedurally defective in several ways.

{¶2} Initially, we note the complaint is captioned as the State of Ohio v. Richard Whitman. A writ of mandamus is required to be brought in the name of the state on relation to the person seeking the writ. Revised Code 2731.04 provides an "[a]pplication for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." Further, Whitman has not named a respondent in the caption. In the paragraph numbered 2 of the Petition, Whitman states the Stark County Ohio Court of Common Pleas and the Honorable Judge Frank Forcione are the intended respondents, however, neither is listed in the caption of the complaint. The failure to properly caption a petition for a writ of mandamus warrants dismissal. *See, e.g., Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226 (1962).

{¶3} Additionally, the bottom of the petition indicates that there are 4 pages of the petition, however, only the first two pages along with exhibits have been filed. The petition ends abruptly making a thorough understanding of the petition impossible. The complaint also lacks the required affidavit.

{¶4} Finally, Whitman has not complied with R.C. 2969.25(A) or (C)(1). Revised Code Section 2969.25(A) governs the procedure for actions filed by inmates and provides in relevant part, "(A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."

**{¶5}** "[U]nder Ohio law, state writ actions are civil actions. See *Henderson v. James* (1895), 52 Ohio St. 242, 259, 39 N.E. 805" *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003–Ohio–5533, 797 N.E.2d 982, ¶ 7 (2003). The petition in this case did not contain an affidavit of prior civil actions. The Supreme Court has approved the dismissal of a petition where an inmate fails to file an affidavit in compliance with R.C. 2969.25. See *Fuqua v. Williams,* 2003–Ohio–5533, 100 Ohio St.3d 211, 797 N.E.2d 982, HN 1.

**{¶6}** Whitman has not filed the required affidavit of prior civil actions.

**{¶7}** Whitman has also failed to comply with R.C. 2969.25(C)(1), which mandates he file a statement setting forth his inmate account balance "for each of the preceding six months, as certified by the institutional cashier." *State ex rel. Jackson v. Calabrese,* 143 Ohio St.3d 409, 2015–Ohio–2918, 38 N.E.3d 880; *State ex rel. Castro v. Corrigan,* 129 Ohio St.3d 342, 2011–Ohio–4059, 952 N.E.2d 497.

**{¶8}** "'The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.' " *Boles v. Knab,* 129 Ohio St.3d 222, 2011–Ohio–2859, 951 N.E.2d 389, ¶ 1, quoting *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003–Ohio–2262, 788 N.E.2d 634, ¶ 5; *State ex rel. McGrath v. McDonnell,* 126 Ohio St.3d 511, 2010–Ohio–4726, 935 N.E.2d 830, ¶ 1.

{¶9}    Based upon these procedural defects, we grant the motion to dismiss the petition.

By: Hoffman, P.J.

Wise, John, J.  and

Baldwin, J. concur