**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *LG Chem, Ltd. v. Goulding,* Slip Opinion No. 2022-Ohio-2065.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-2065

LG CHEM, LTD. *v*. GOULDING, JUDGE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *LG Chem, Ltd. v. Goulding,* Slip Opinion No. 2022-Ohio-2065.]**

*Prohibition—Personal jurisdiction—Products liability—Personal jurisdiction over defendant in products-liability action was not patently and unambiguously lacking in the trial court—Writ denied.*

(No. 2021-0804—Submitted March 8, 2022—Decided June 22, 2022.)

IN PROHIBITION.

————————————

**Per Curiam.**

{¶ 1} Relator, LG Chem, Ltd., is a defendant in a products-liability action pending before respondent, Judge Michael R. Goulding, in the Lucas County Court of Common Pleas.  Claiming a lack of personal jurisdiction in the trial court, LG Chem asks this court to issue a writ of prohibition to prevent Judge Goulding from exercising jurisdiction over the products-liability action.  Because LG Chem has not demonstrated a patent and unambiguous lack of personal jurisdiction in the trial court, we deny the writ.

## I. Factual and Procedural Background

{¶ 2} Jeremy M. Darrow and Dale J. Mocek (collectively, "the Darrow plaintiffs") are the plaintiffs in *Darrow v. LG Chem, Ltd.*, Lucas C.P. No. G-4801-CI-202003553-000, which is pending before Judge Goulding. Each plaintiff has alleged that he was seriously injured in March 2016 when an "LG Lithium ion 18650 battery" exploded while he was carrying the battery in his pants pocket. Darrow allegedly purchased two LG 18650 lithium-ion batteries from Vape Super Center in Toledo in August 2015. Mocek's wife allegedly purchased two LG 18650 lithium-ion batteries for him at Vapors Electronic Smoke Shop in Toledo in November or December 2015. Each plaintiff used the batteries in electronic-cigarette devices.

{¶ 3} LG Chem is a Korean company with its headquarters and principal place of business located in Seoul, South Korea. The Darrow plaintiffs alleged "upon * * * information and belief" that "all defendants were present or transacted, solicited, and engaged in business in Lucas County, Ohio through their employees, agents, or sales representatives, and derived substantial revenue from such business conducted in Lucas County, Ohio." The Darrow plaintiffs also alleged that LG Chem had "designed, manufactured, assembled, distributed, placed into the stream of commerce, and sold" the batteries that injured them. The products-liability complaint does not allege that LG Chem had sold the batteries to Vape Super Center or Vapors Electronic Smoke Shop, nor does it contain specific allegations regarding LG Chem's activities in Ohio relating to the marketing, sale, or distribution of the batteries for consumer use.

{¶ 4} LG Chem avers that it manufactured LG 18650 lithium-ion batteries "for use by sophisticated companies in specific applications, such as power tools, where the cells are encased in a battery pack with protective circuitry." It states that it never designed, manufactured, distributed, advertised, or sold the batteries for sale or use as standalone, replaceable batteries. It acknowledges that it shipped

2

1,160 "sample 18650 cells" to Ohio to fulfill the orders of an original-equipment manufacturer during the three-year period preceding the Darrow plaintiffs' injuries allegedly caused by the cells. But LG Chem contends that it "did not market or advertise" the batteries in Ohio, "did not have any licensed dealers or retailers" of the batteries in Ohio, and "did not authorize or advertise consumer repair or replacement services" for the batteries in Ohio. LG Chem also says that it has never conducted business with either Vape Super Center or Vapors Electronic Smoke Shop and that it has never authorized anyone or any entity to advertise, sell, or distribute the LG lithium-ion batteries for individual-consumer use as standalone, replaceable batteries in electronic-cigarette devices or for any other purpose.

{¶ 5} LG Chem filed a motion to dismiss the products-liability action for lack of personal jurisdiction under Civ.R. 12(B)(2), which the Darrow plaintiffs opposed. Judge Goulding denied LG Chem's motion without a hearing.

{¶ 6} LG Chem filed this prohibition action on June 24, 2021, seeking a writ of prohibition to prevent Judge Goulding from exercising jurisdiction over the products-liability action and directing him to dismiss the action for lack of personal jurisdiction. Judge Goulding filed a motion to dismiss, which LG Chem opposed. We denied Judge Goulding's motion to dismiss, granted an alternative writ, and set a schedule for the submission of evidence and briefing on the merits. 165 Ohio St.3d 1402, 2021-Ohio-3631, 175 N.E.3d 551. The case is now ripe for decision.

## II. Analysis

{¶ 7} A writ of prohibition "is granted in limited circumstances with great caution and restraint." *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001). To obtain the writ, LG Chem must show (1) that Judge Goulding is about to or has exercised judicial power, (2) that Judge Goulding's exercise of that power is not authorized by law, and (3) the lack of an adequate remedy in the ordinary course of the law. *See State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. LG Chem must show its

entitlement to the writ by clear and convincing evidence. *See State ex rel. Evans v. McGrath*, 153 Ohio St.3d 287, 2018-Ohio-3018, 104 N.E.3d 779, ¶ 4.

{¶ 8} The first requirement for obtaining the writ is not in dispute; Judge Goulding has exercised and is exercising judicial power in the Darrow plaintiffs' products-liability action. As to the third requirement, absent the trial court's patent and unambiguous lack of personal jurisdiction over LG Chem, a postjudgment appeal of Judge Goulding's decision on the personal-jurisdiction question is an adequate legal remedy. *See State ex rel. Toma v. Corrigan*, 92 Ohio St.3d 589, 591-592, 752 N.E.2d 281 (2001). LG Chem argues that the availability of a remedy by way of appeal is immaterial here because, in its view, personal jurisdiction is patently and unambiguously lacking in the trial court. *See State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

*A. Personal Jurisdiction and Due Process*

{¶ 9} This court's "issuance of a writ of prohibition based on the alleged lack of personal jurisdiction is, even more than a claimed lack of subject-matter jurisdiction, an 'extremely rare occurrence.' " *State ex rel. Suburban Constr. Co. v. Skok*, 85 Ohio St.3d 645, 647, 710 N.E.2d 710 (1999), quoting *Clark v. Connor*, 82 Ohio St.3d 309, 315, 695 N.E.2d 751 (1998). In the "extremely rare cases" in which this court has issued the writ, "the lack of jurisdiction was 'premised on a complete failure to comply with constitutional due process.' " *Id.*, quoting *Fraiberg v. Cuyahoga Cty. Court of Common Pleas*, 76 Ohio St.3d 374, 378, 667 N.E.2d 1189 (1996).

{¶ 10} An Ohio trial court has personal jurisdiction over a nonresident defendant when (1) the long-arm statute, R.C. 2307.382, and the Rules of Civil Procedure confer jurisdiction and (2) the exercise of jurisdiction comports with due process under the Fourteenth Amendment to the United States Constitution. *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551,

930 N.E.2d 784, ¶ 28.  LG Chem's argument focuses on the constitutional due-process requirement.

{¶ 11} The Fourteenth Amendment's Due Process Clause "limits the power of a state court to render a valid personal judgment against a nonresident defendant." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).  For a court's exercise of jurisdiction to comport with due process, the defendant must have "minimum contacts" with the forum state such that "the maintenance of the suit" is reasonable and "does not offend 'traditional notions of fair play and substantial justice.' " *Internatl. Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940).

{¶ 12} The United States Supreme Court has recognized two types of personal jurisdiction: "general" and "specific."  *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, ___ U.S. ___, ___, 137 S.Ct. 1773, 1779-1780, 198 L.Ed.2d 395 (2017).  The "paradigm forum" for the exercise of general jurisdiction over a corporation is a state "in which the corporation is fairly regarded as at home."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011).  The Darrow plaintiffs conceded in the trial court that LG Chem is not subject to general jurisdiction in Ohio.  Thus, the issue before us is whether the trial court has specific jurisdiction over LG Chem.

{¶ 13} Specific jurisdiction exists when the matter before the court arises out of or relates to the defendant's contacts with the forum state.  *Bristol-Myers Squibb* at ___, 137 S.Ct. at 1780.  For a court to lawfully exercise specific jurisdiction over a defendant, the defendant must have taken "some act[ion] by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum state."  *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).  Purposeful availment occurs when "the defendant

deliberately 'reach[s] out beyond' its home—by, for example, 'exploit[ing] a market' in the forum state or entering a contractual relationship centered there." (Second brackets added in *Ford Motor Co.*) *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, ___ U.S. ___, ___, 141 S.Ct. 1017, 1025, 209 L.Ed.2d 225 (2021), quoting *Walden v. Fiore*, 571 U.S. 277, 285, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014). Even when purposeful availment has occurred, personal jurisdiction extends only to certain cases: the plaintiff's claims must " 'aris[e] out of or relat[e] to the defendant's contacts' " with the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 127, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014), quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), fn. 8. "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum state and is therefore subject to the state's regulation.' " (Brackets added in *Bristol-Myers Squibb*.) *Bristol-Myers Squibb* at ___, 137 S.Ct. at 1780, quoting *Goodyear* at 919. When there is no connection between the plaintiff's claims and the nonresident defendant's contacts with the forum state, specific jurisdiction is lacking regardless of the extent of the defendant's unconnected activities in the state. *Id.* at __, 137 S.Ct. at 1781.

*B. Personal Jurisdiction and Writs of Prohibition*

{¶ 14} LG Chem argues that a writ of prohibition is appropriate in this case because it did not purposefully avail itself of the privilege of conducting activities in Ohio and the benefits of Ohio law and that, even if it had, there is no causal connection between its contacts with Ohio and the Darrow plaintiffs' claims. Thus, LG Chem contends that a writ of prohibition should issue because personal jurisdiction over it is patently and unambiguously lacking.

{¶ 15} We have found a patent and unambiguous lack of personal jurisdiction to support a writ of prohibition only twice in the past 40 years. In *State ex rel. Stone v. Cuyahoga Cty. Court of Common Pleas, Juvenile Div.*, 14 Ohio

6

St.3d 32, 34, 470 N.E.2d 899 (1984), we affirmed a court of appeals' grant of a writ of prohibition to restrain a juvenile court from adjudicating a paternity action when it was undisputed that (1) the child was conceived and born outside of Ohio and (2) there was no evidence that the putative father had had any contacts with Ohio. And in *State ex rel. Connor v. McGough*, 46 Ohio St.3d 188, 189, 192, 546 N.E.2d 407 (1989), we granted a writ of prohibition to enjoin proceedings in an estate administrator's wrongful-death action in an Ohio common pleas court arising from a car accident in Germany that killed the decedent, who had lived in Ohio. In both cases, it was undisputed that the defendant had had no contacts with Ohio. The only connection to Ohio in each case was that Ohio was where the plaintiff resided. Thus, the availability of an appellate remedy was immaterial because personal jurisdiction was totally lacking. *Id*. at 191; *Stone* at 33-34.

{¶ 16} LG Chem argues that it never served a market in Ohio (or any other state) for "standalone, replaceable consumer batteries." It contends that it never designed, manufactured, distributed, advertised, or sold LG 18650 lithium-ion batteries for individual consumer use in electronic cigarettes or for any other purpose and that it never conducted any business with the retailers who sold the products to the Darrow plaintiffs or *any* retailer who sold the batteries to consumers as a replaceable, standalone product. LG Chem argues that "it is undisputed" that the batteries arrived in Ohio due to the "unilateral actions of third parties" who brought the products to Ohio for sale as consumer products for electronic-cigarette equipment. And it notes that the unilateral activity of third parties cannot satisfy the due-process requirement that an out-of-state defendant such as LG Chem have minimum contacts with the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (a defendant's placing a product into the stream of commerce supports a finding of personal jurisdiction if the defendant purposefully directed activity at the forum state); *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 882, 131 S.Ct. 2780, 180 L.Ed.2d 765 (2011)

(plurality opinion) ("The defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State").

{¶ 17} The record, however, contains an affidavit from Kiwon Choi, a sales professional who was responsible for LG Chem's sale of LG 18650 lithium-ion batteries during the time that Vape Super Center and Vapors Electronic Smoke Shop sold the allegedly defective batteries in Ohio. Choi testified:

> I have confirmed, through a review of LG Chem's sales records, that LG Chem did not sell or distribute any 18650 lithium-ion batteries to any customer located in Ohio from January 1, 2013 through March 31, 2016, the month Plaintiffs were allegedly injured. During that time period, LG Chem received three orders from an original equipment manufacturer, located in Macao, for sample 18650 cells. LG Chem shipped 200 sample 18650 cells to Ohio for the Macao customer for an order dated October 15, 2013; LG Chem shipped 200 sample 18650 cells to Ohio for the Macao customer for an order dated November 11, 2013; and LG Chem shipped 760 sample 18650 cells to Ohio for the Macao customer for an order dated June 17, 2014.

{¶ 18} Choi's affidavit appears to be inconsistent: he testified that LG Chem did not sell or distribute LG 18650 lithium-ion batteries "to any customer located in Ohio" in the three-year period preceding the Darrow plaintiffs' injuries, yet he stated that LG Chem had shipped 1,160 such batteries to Ohio to fulfill three orders of an equipment manufacturer in 2013 and 2014. Even accepting the assertion that the manufacturer was "located in Macao," the delivery of the batteries

*to Ohio* shows that LG Chem had *some* connection to Ohio, unlike the defendants who challenged the courts' personal jurisdiction over them in *Stone* and *McGough*. Indeed, in *Stone* and *McGough*, the defendants in the underlying actions had had *no contacts whatsoever* with Ohio and (unlike this case) none of the acts giving rise to the actions took place in Ohio.

{¶ 19} Moreover, the Darrow plaintiffs allege that LG Chem conducted substantial activities in Ohio relating to the distribution and sale of the batteries. In their complaint in the underlying action, they alleged the following:

- The LG 18650 lithium-ion battery "was designed, manufactured, assembled, distributed, placed into the stream of commerce, and sold by defendants LG, Vape Defendants, Vapors, and Unknown Defendants in Toledo, Lucas County, Ohio";

- All the defendants "conducted activity that gave rise to the claim" in Toledo, Lucas County;

- On their information and belief, "all defendants were present or transacted, solicited, and engaged in business in Lucas County, Ohio through their employees, agents, or sales representatives, and derived substantial revenue from such business";

- LG Chem "expected or should have expected" that its acts would have consequences in Lucas County;

- The batteries that injured the Darrow plaintiffs were "placed into the stream of commerce, and sold by" LG Chem, and the Darrow plaintiffs were foreseeable users of the batteries; and

- LG Chem "labeled, prepared, marketed, sold, supplied, and introduced" the batteries for use in electronic cigarettes "and knew that such batteries were sold or marketed in Ohio for such purpose."

**{¶ 20}** The Darrow plaintiffs sought discovery related to their allegations, which is germane to the personal-jurisdiction defense raised by LG Chem. The Darrow plaintiffs asked LG Chem for information and/or documents related to, among other things, (1) the names and locations of LG Chem's distributors in Ohio, (2) where LG Chem manufactured lithium-ion batteries that were distributed and sold to consumers from 2014 through 2016, (3) LG Chem's business activities in Ohio, and (4) shipments of lithium-ion batteries distributed to retailers and sold in the United States. LG Chem did not respond substantively to many of these requests, instead objecting on numerous grounds, including the requests' purported overbreadth, lack of relevance, and involvement of confidential proprietary business information.[1]

**{¶ 21}** In the underlying action, Judge Goulding did not hold an evidentiary hearing on LG Chem's motion to dismiss for lack of personal jurisdiction. "Accordingly, he was required to view allegations in the pleadings and the documentary evidence in a light most favorable to the plaintiffs, resolving all reasonable competing inferences in their favor." *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 236, 638 N.E.2d 541 (1994). This court has heeded that standard when deciding whether a writ of prohibition should issue due to a lack of personal jurisdiction. *See id.* at 236-238.

**{¶ 22}** Here, viewing the allegations in the complaint combined with the negative inferences that can be drawn from LG Chem's discovery responses (or lack thereof), we conclude that personal jurisdiction over LG Chem is not patently and unambiguously lacking in the trial court. The Darrow plaintiffs' claims are related to LG Chem's activities in Ohio, because the allegations in the complaint

---

1. The Darrow plaintiffs filed a motion to compel in the trial court, seeking full responses to their discovery requests. They agreed to withdraw the motion to compel in reliance on LG Chem's representation that it would provide fuller responses to the disputed requests. According to an affidavit from the Darrow plaintiffs' counsel sworn to on November 8, 2021, complete responses to the requests had not been provided and the discovery dispute had not been resolved.

and inferences that may reasonably be drawn from the record arguably show that (1) LG Chem served a market for LG 18650 lithium-ion batteries in Ohio, (2) the Darrow plaintiffs purchased such batteries in Ohio, and (3) the batteries injured the plaintiffs in Ohio. *See Ford Motor Co.*, ___ U.S. at ___, 141 S.Ct. at 1027, 209 L.Ed.2d 225 (personal jurisdiction attaches when a defendant "serves a market for a product in the forum state and the product malfunctions there").

{¶ 23} This is not to say that the Darrow plaintiffs will be able to prove that LG Chem engaged in activities in Ohio that satisfy the due-process requirements for personal jurisdiction. But we need not decide the ultimate personal-jurisdiction issue today, because our review in prohibition "is limited to whether personal jurisdiction is *patently and unambiguously lacking*." (Emphasis sic.) *Goldstein* at 238. When, as here, the finding of personal jurisdiction turns on the trial court's resolution of disputed facts, "[the court's] ruling that it has jurisdiction, if wrong, is simply error for which prohibition is not the proper remedy." *Id.* On the record before us, we cannot say that Judge Goulding's denial of LG Chem's motion to dismiss for lack of personal jurisdiction is tantamount to "a complete failure to comply with constitutional due process," *Fraiberg*, 76 Ohio St.3d at 378, 667 N.E.2d 1189.

## III. Conclusion

{¶ 24} LG Chem has failed to show that there is a patent and unambiguous lack of personal jurisdiction over it in the trial court. We therefore deny the writ.

Writ denied.

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

KENNEDY, J., concurs, with an opinion.

_____

**KENNEDY, J., concurring.**

**{¶ 25}** This is the third case that has come before this court in which relator, LG Chem, Ltd., has sought a writ of prohibition against an Ohio judge. *See LG Chem, Ltd. v. Hagan*, 159 Ohio St.3d 1428, 2020-Ohio-3474, 148 N.E.3d 558; *LG Chem, Ltd. v. Routson*, 165 Ohio St.3d 1463, 2021-Ohio-4086, 177 N.E.3d 276. Each of the three cases has involved products-liability claims brought in an Ohio common pleas court, with the plaintiffs alleging injuries caused by LG Chem 18650 lithium-ion batteries that were contained in electronic-cigarette devices when the batteries exploded.

**{¶ 26}** In this case, LG Chem seeks a writ of prohibition against respondent, Judge Michael R. Goulding, a judge of the Lucas County Court of Common Pleas. For a writ of prohibition to issue, the relator must prove three elements by clear and convincing evidence: (1) the exercise of judicial (or quasi-judicial) power, (2) the lack of authority for the exercise of that power, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Federle v. Warren Cty. Bd. of Elections*, 156 Ohio St.3d 322, 2019-Ohio-849, 126 N.E.3d 1091, ¶ 10. "However, if the absence of jurisdiction is patent and unambiguous, a petitioner need not establish the third prong, the lack of an adequate remedy at law." *State ex rel. Magsig v. Toledo*, 160 Ohio St.3d 342, 2020-Ohio-3416, 156 N.E.3d 899, ¶ 6.

**{¶ 27}** LG Chem has alleged a lack of personal jurisdiction in this case, as it did in its two other prohibition cases, but an "appeal from a decision overruling a Civ.R. 12(B)(2) motion to dismiss based upon lack of personal jurisdiction will generally provide an adequate legal remedy which precludes extraordinary relief through the issuance of a writ of prohibition," *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 235, 638 N.E.2d 541 (1994). Therefore, since LG Chem brings its current claim in prohibition, the lack of jurisdiction by the trial court must be patent and unambiguous in order for this court to grant the writ. This case is the first of LG Chem's three prohibition cases that has generated a majority opinion. The two

other cases were dismissed through entries. *See Hagan*; *Routson*. I dissented with an opinion in *Hagan* at ¶ 1-16 and without an opinion in *Routson*, and I would have granted writs of prohibition in both of those cases.

{¶ 28} For the first time in LG Chem's three prohibition cases in this court, a plaintiff in the underlying products-liability case has produced evidence that the common pleas court may have specific jurisdiction over LG Chem, a Korean company headquartered in Seoul, South Korea. "Specific jurisdiction * * * depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." (Brackets added in *Goodyear*.) *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011), quoting von Mehren & Trautman, *Jurisdiction to Adjudicate: A Suggested Analysis*, 79 Harv.L.Rev. 1121, 1136 (1966). In other words, "a state tribunal has specific jurisdiction when a defendant's in-state activity is continuous and systematic and that activity gave rise to the cause of action." *Hagan*, 159 Ohio St.3d 1428, 2020-Ohio-3474, 148 N.E.3d 558, at ¶ 10 (Kennedy, J., dissenting), citing *Goodyear* at 923. Or if the activity "could be categorized as only single or occasional acts or having only an impact within the forum state," the inquiry becomes " 'whether there was "some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." ' " (Brackets added in *Hagan*.) *Id.* at ¶ 11 (Kennedy, J., dissenting), quoting *Goodyear* at 924, quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). And even in those instances, "specific jurisdiction extends only to litigation in which the alleged injuries 'arise out of or relate to' those activities in the forum state." *Id.* (Kennedy, J., dissenting), quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

**{¶ 29}** LG Chem acknowledges in this case that it shipped 1,160 "sample 18650 cells" to Ohio to fulfill the orders of an original-equipment manufacturer during the three-year period preceding the plaintiffs' injuries allegedly caused by LG Chem's batteries. This is the same type of battery that allegedly caused the plaintiffs' injuries. I agree with the majority that LG Chem's transmission of those batteries does not resolve the personal-jurisdiction issue in the underlying case but that it does create an evidentiary issue regarding specific jurisdiction such that any lack of personal jurisdiction is not patent and unambiguous. And absent a patent and unambiguous lack of jurisdiction, LG Chem will have an adequate remedy in the ordinary course of the law to challenge the trial court's personal jurisdiction over it if the trial court issues a final judgment.

**{¶ 30}** Therefore, because LG Chem cannot satisfy the elements necessary for this court to issue a writ of prohibition, I concur in the majority opinion.

_____

Lewis, Brisbois, Bisgaard & Smith, L.L.P., and Daniel A. Leister, for relator.

Julia R. Bates, Lucas County Prosecuting Attorney, and Evy M. Jarrett and Kevin A. Pituch, Assistant Prosecuting Attorneys, for respondent.

_____