THE STATE EX REL. SMITH, APPELLANT, *v.* FUERST, CLERK, APPELLEE.

[Cite as *State ex rel. Smith v. Fuerst* (2000), 89 Ohio St.3d 456.]

(No. 00–379—Submitted June 6, 2000—Decided August 16, 2000.)

*Claude A. Smith*, pro se.

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Kristen L. Lusnia*, Assistant Prosecuting Attorney, for appellee.

**Per Curiam.** Smith asserts that the court of appeals erred in denying the writ. For the following reasons, Smith's assertion lacks merit.

Fuerst mailed notice of the October 17, 1996 entry to Smith. Under Civ.R. 5(B), service was complete upon mailing. And Fuerst noted in the docket that service had been made. Therefore, Fuerst complied with his duty to serve the entry on Smith, and mandamus will not issue to compel an act that has already been performed. *State ex rel. Wilson v. Sunderland* (2000), 87 Ohio St.3d 548, 548–549, 721 N.E.2d 1055, 1056; see, also, *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 523 N.E.2d 851, paragraph two of the syllabus.

In addition, Smith had adequate remedies at law by a Civ.R. 60(B) motion for relief from judgment or appeal to raise his claim that he was entitled to additional time to perfect his appeal from the October 17, 1996 judgment. See *State ex rel. Thomson v. Doneghy* (1997), 80 Ohio St.3d 222, 685 N.E.2d 537; *Defini v. Broadview Hts.* (1991), 76 Ohio App.3d 209, 214, 601 N.E.2d 199, 202.

Finally, the fact that Smith may have, as he claims on appeal, already unsuccessfully invoked an alternative remedy to raise this issue does not entitle him to extraordinary relief in mandamus. "Where a plain and adequate remedy at law has been unsuccessfully invoked, a writ of mandamus will not lie to relitigate the same issue." *State ex rel. Sampson v. Parrott* (1998), 82 Ohio St.3d 92, 93, 694 N.E.2d 463.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

Moyer, C.J., Douglas, Resnick, F.E. Sweeney, Pfeifer, Cook and Lundberg Stratton, JJ., concur.