SHOOP, APPELLANT, *v.* THE STATE OF OHIO ET AL., APPELLEES.

[Cite as *Shoop v. State*, 144 Ohio St.3d 374, 2015-Ohio-2068.]

(No. 2014–1477—Submitted February 3, 2015—Decided June 2, 2015.)

---

**Per Curiam.**

{¶ 1} We affirm the court of appeals' judgment dismissing a petition for writs of mandamus and procedendo. The arguments raised by appellant, Frank Ray Shoop, in support of his petition for a writ of mandamus relate to issues that he could have raised on appeal, thus precluding a writ of mandamus. And appellee Judge Reginald Routson has ruled on his "motion to vacate a void judgment," thus precluding a writ of procedendo.

*Facts and procedural history*

{¶ 2} Shoop was found guilty of felonious sexual penetration and sentenced to 10 to 25 years in prison in 1992. He appealed, and the conviction and sentence were affirmed. *State v. Shoop,* 87 Ohio App.3d 462, 622 N.E.2d 665 (3d Dist.1993). Shoop has since filed several postconviction motions that were denied.

{¶ 3} On May 12, 2014, Shoop filed an original action in procedendo in the Third District Court of Appeals contending that Judge Routson had failed to rule on a motion "to vacate a void judgment" that Shoop had filed in July 2013. He also requested a writ of mandamus, asking for an order directing the trial court to correct a number of alleged errors in the trial proceedings.

{¶ 4} The court of appeals dismissed the mandamus claim because his allegations of error at the trial were "not properly raised or cognizable in an original action." 3d Dist. Hancock No. 5–14–09, 1 (July 9, 2014). The court dismissed the procedendo claim because the trial court had ruled on the motion.

{¶ 5} Shoop has now appealed to this court.

*Analysis*

{¶ 6} To be entitled to a writ of procedendo, Shoop must show a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas,* 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna,* 73 Ohio St.3d 180, 184, 652 N.E.2d 742 (1995).

{¶ 7} Here, the trial court ruled on Shoop's motion on August 13, 2013. Therefore, the court of appeals properly held that Shoop is not entitled to a writ of procedendo.

{¶ 8} To be entitled to a writ of mandamus, Shoop must establish a clear legal right to the requested relief, a clear legal duty on the part of the court to grant it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth,* 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. An appeal is generally considered an adequate remedy in the ordinary course of law sufficient to preclude a writ. *State ex rel. Pressley v. Indus. Comm.,* 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus.

{¶ 9} The constitutional and evidentiary issues raised by Shoop in his mandamus claim could have been and should have been raised in the appeal of his conviction. R.C. 2731.05. Because Shoop had an adequate remedy in the ordinary course of the law by way of appeal, the court of appeals properly

dismissed his claim in mandamus. *State ex rel. Natl. Emps. Network Alliance, Inc. v. Ryan,* 125 Ohio St.3d 11, 2010-Ohio-578, 925 N.E.2d 947, ¶ 1 ("Mandamus cannot issue when the relator has an adequate remedy at law").

{¶ 10} In addition to having an adequate remedy in the ordinary course of the law, Shoop is not entitled to a writ of mandamus because R.C. 2731.04 provides that an application for a writ of mandamus "must be * * * in the name of the state on the relation of the person applying." Thus, a petition for a writ of mandamus may be dismissed for failure to bring the action in the name of the state. *Blankenship v. Blackwell,* 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382, ¶ 34. *Accord Maloney v. Sacks,* 173 Ohio St. 237, 238, 181 N.E.2d 268 (1962). Shoop's complaint was not brought in the name of the state, and therefore his claims for a writ of mandamus were properly dismissed.

{¶ 11} We therefore affirm the judgment of the Third District Court of Appeals dismissing Shoop's petition.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Frank Ray Shoop, pro se.

Mark C. Miller, Hancock County Prosecuting Attorney, for appellee.