[Cite as *Staats v. Ferrero*, 2016-Ohio-4789.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GARY CYRIL STAATS | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Relator, | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JOHN D. FERRERO, Prosecuting Attorney | : | Case No. 2015CA00173 |
| | : | |
| and | : | |
| | : | |
| JOSEPH E. VANCE, Assistant Prosecuting Attorney | : | |
| | : | |
| | : | |
| Respondents, | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Writ of Mandamus

JUDGMENT:          Dismissed

DATE OF JUDGMENT:          June 30, 2016

APPEARANCES:

For Relator

GARY CYRIL STAATS
Inmate No. 661-652
Richland Correctional
P.O. Box 8107
Mansfield, Ohio 44901

For Relator

JOHN D. FERRERO
Prosecuting Attorney

By: RENEE M. WATSON
Assistant Prosecuting Attorney
110 Central Plaza, South
Suite 510
Canton, Ohio 44901

*Baldwin, J.*

{¶1}    Relator, Gary Cyril Staats, has filed a Petition for Writ of Mandamus and Amended Petition for Writ of Mandamus requesting Respondents be ordered to provide Relator with copies of certain documents.   The Petition and Amended Petition are disjointed and difficult to understand.   No clear claims are set forth.   Respondents have filed a motion to dismiss for failure to state a claim upon which relief may be granted.

{¶2}    From what the Court can glean, Relator claims Respondents inappropriately marked five witness statements as "counsel only" to avoid having to disclose them to Relator.   Relator appears to argue the statements should be turned over to him pursuant to Crim.R. 16, and he also alleges the statements should have been disclosed pursuant to the Public Records Act.

{¶3}    "To be entitled to extraordinary relief in mandamus, [a relator] must establish a clear legal right to the requested relief, a clear legal duty on the part of [respondent] to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth,* 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.  An [a]ppeal is generally considered an adequate remedy sufficient to preclude a writ of mandamus. *Shoop v. State,* 144 Ohio St.3d 374, 2015-Ohio-2068, 43 N.E.3d 432, ¶ 8, citing *State ex rel. Pressley v. Indus. Comm.,* 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus."  *State ex rel. Bradford v. Dinkelacker*, 2016-Ohio-2916, ¶¶ 5-6 (Ohio).

{¶4}    "[T]o the extent . . . there [are alleged] errors in the discovery process, the proper remedy for such matters is appeal. *State ex rel. Daggett v. Gessaman, 34 Ohio*

*St.2d 55, 295 N.E.2d 659 (1973)." State ex rel. Harrison v. McGinty, 8th Dist. Cuyahoga No. 103865, 2016-Ohio-946, ¶ 4.*

{¶5}    Any allegation that Crim.R. 16 was violated should have been raised upon direct appeal.  Because an adequate remedy at law exists or existed, mandamus will not issue for a claimed violation of Crim.R. 16.

{¶6}    We now will consider Relator's contention that Respondents violated the Public Records Act.  According to the trial court docket, Relator was convicted on October 9, 2014 and was sentenced to a period of six years in prison.  Pursuant to the Petition, Relator avers he made his request for the "discovery" on May 14, 2015.  Therefore, Relator was incarcerated at the time of the request.

{¶7}    "R.C. 149.43(B)(8) requires an incarcerated criminal offender who seeks records relating to an inmate's criminal prosecution to obtain a finding by the sentencing judge or the judge's successor that the requested information is necessary to support what appears to be a justiciable claim." *State ex rel. Fernbach v. Brush,* 133 Ohio St.3d 151, 152, 2012–Ohio–4214, 976 N.E.2d 889, citing *State ex rel. Chatfield v. Flautt,* 131 Ohio St.3d 383, 2012–Ohio–1294, 965 N.E.2d 304.

{¶8}    Because Relator failed to obtain approval for a public records request, he cannot demonstrate he has or had a clear legal right to any public records.  In so holding, we have not determined the records sought are public records.  We have not proceeded to examine the issue as to whether witness statements are public records.  Rather, we find Relator cannot make any claim based upon a public records request without first obtaining approval from the sentencing judge to make a public records request.

{¶9}   For these reasons, the writ of mandamus will not issue, and the complaint is dismissed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.