[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bradford v. Dinkelacker*, Slip Opinion No. 2017-Ohio-1342.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-1342

THE STATE EX REL. BRADFORD, APPELLANT, *v.* DINKELACKER, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bradford v. Dinkelacker*, Slip Opinion No. 2017-Ohio-1342.]

*Mandamus—Appellant had and has used adequate remedy in ordinary course of law—Court of appeals' dismissal of petition affirmed.*

(No. 2016-0252—Submitted February 7, 2017—Decided April 13, 2017.)

APPEAL from the Court of Appeals for Hamilton County, No. C-150714.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the First District Court of Appeals dismissing the petition of appellant, Pele K. Bradford, for a writ of mandamus.

{¶ 2} Bradford seeks an order compelling appellee, Judge Patrick T. Dinkelacker of the Court of Common Pleas of Hamilton County, to vacate his sentence as void and to resentence him "according to the verdict returned by the

jury." To obtain a writ of mandamus, Bradford must establish, by clear and convincing evidence, that he has a clear legal right to the requested relief, that Judge Dinkelacker has a clear legal duty to provide it, and that Bradford lacks an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13.

**{¶ 3}** Bradford's mandamus claim asserts an error in sentencing. A sentencing error "does not patently and unambiguously divest the court or its judges of jurisdiction to enter judgment." *State ex rel. Pruitt v. Donnelly*, 129 Ohio St.3d 498, 2011-Ohio-4203, 954 N.E.2d 117, ¶ 2. "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal." *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5.

**{¶ 4}** In fact, in 2015, Bradford filed a "motion to correct the judgment entry pursuant to Criminal Rule 36," arguing that the trial court had violated his constitutional right to a jury trial "when it effectively 'amended' the aggravated-murder verdict form by entering judgment convicting him under division (A), rather than division (B)" of R.C. 2903.01. *State v. Bradford*, 1st Dist. Hamilton No. C-150207, 2 (May 18, 2016). The trial court denied his motion. On appeal, the First District affirmed and held that while the verdict form was subject to correction under Crim.R. 36, "the trial court, when it entered judgment convicting Bradford under division (A) of the aggravated-murder statute, effectively made that correction" and did not thereby abuse its discretion. *Id.*, citing *State v. Davie*, 80 Ohio St.3d 311, 686 N.E.2d 245 (1997) (holding that the trial court did not abuse its discretion in changing the wording in a verdict form after the jury was discharged when the change was not demonstrably prejudicial).[1]

---

[1] We also note that the applicable sentences for a conviction under R.C. 2903.01 are the same whether the conviction is under division (A) or (B). R.C. 2903.01(F) and 2929.02(A).

{¶ 5} "An appeal is generally considered an adequate remedy in the ordinary course of law sufficient to preclude a writ." *Shoop v. State*, 144 Ohio St.3d 374, 2015-Ohio-2068, 43 N.E.3d 432, ¶ 8, citing *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Bradford had and has used an adequate remedy in the ordinary course of the law by way of his 2015 motion and his appeal of the denial of that motion. Therefore, the court of appeals correctly dismissed his petition for a writ of mandamus.

{¶ 6} Bradford has also filed a motion for reversal of judgment under S.Ct.Prac.R. 16.07(B). Bradford contends that he is entitled to judgment in his favor because Judge Dinkelacker failed to file a brief in this appeal. However, under S.Ct.Prac.R. 16.07(B), we "may accept the appellant's statement of facts and issues as correct and reverse the judgment *if the appellant's brief reasonably appears to sustain reversal*." (Emphasis added.) Bradford's brief does not reasonably appear to sustain reversal, and we therefore deny his motion for reversal of judgment.

Judgment affirmed
and motion denied.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

FISCHER and DEWINE, JJ., not participating.

_____

Pele K. Bradford, pro se.

_____