[Cite as *Richards v. State*, 2018-Ohio-924.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RONALD RICHARDS | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Petitioner | Hon. Patricia A. Delaney, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 17 CA 26 |
| STATE OF OHIO | |
| | |
| Respondent | O P I N I O N |

CHARACTER OF PROCEEDING:    Writ of Prohibition and Mandamus

JUDGMENT:    Dismissed

DATE OF JUDGMENT ENTRY:    March 9, 2018

APPEARANCES:

For Petitioner    For Respondent

RONALD RICHARDS, D.C. #077622    JASON R. FARLEY
Charlotte Correctional Institution    Assistant Prosecuting Attorney
33123 Oil Well Road    627 Wheeling Ave.
Punta Gorda, FL 33955    Cambridge, Ohio 43725

*Hoffman, P.J.*

{¶1}   Petitioner, Ronald Richards, has filed a complaint for writ of mandamus or writ of prohibition requesting Respondent be ordered to remove a detainer filed against Petitioner.

FACTS

{¶2}   Petitioner was convicted of voluntary manslaughter in 1975, in Ohio.  He was placed on parole in 1979.  According to the Florida Department of Corrections website, Petitioner was convicted of sexual battery with a weapon or force and attempted murder in 1981.  He is serving a 100 year sentence in Florida.  Following his Florida conviction, the Ohio Adult Parole Authority issued a detainer based upon Petitioner's alleged parole violation.  Petitioner claims he is unable to participate in Florida prison programs and is ineligible for parole in Florida so long as the detainer is in place.

PROHIBITION AND MANDAMUS

{¶3}   Revised Code Section 2731.04 provides an application for a writ of mandamus "must be * * * in the name of the state on the relation of the person applying."

{¶4}   "Thus, a petition for a writ of mandamus may be dismissed for failure to bring the action in the name of the state. *Blankenship v. Blackwell,* 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382, ¶ 34. *Accord Maloney v. Sacks,* 173 Ohio St. 237, 238, 181 N.E.2d 268 (1962)." *Shoop v. State*, 144 Ohio St.3d 374, 2015-Ohio-2068, 43 N.E.3d 432, ¶ 10.

{¶5}   Here Petitioner has not brought the petition in the name of the state.  For this reason, the petition is subject to dismissal.

**{¶6}** Additionally, Petitioner has named only the State of Ohio as the Respondent and has not named the Department of Rehabilitation and Correction as a respondent. It is the department that has the authority to place a detainer pursuant to Ohio Administrative Code Section 5120:1-1-31.

Ohio Administrative Code Section 5120:1-1-31 titled Detainers provides,

(A) The department of rehabilitation and correction shall have the authority to file a detainer against an offender or otherwise cause the arrest of an offender by the issuance of a detainer whenever there is reasonable cause to believe that such offender has violated or is about to violate any of the terms or conditions of his supervision or sanction and commits an overt act toward such violation.

**{¶7}** Even if Petitioner had followed the proper procedures in bringing this petition, his claims are without merit. Petitioner appears to argue the "statute of limitations" has expired for pursuing a parole violation. Petitioner cites no caselaw or statutory authority for the proposition there is a statute of limitations for pursuing a parole violation once a detainer has issued.

**{¶8}** For these reasons, we find Petitioner's petition is procedurally defective and fails to state a claim upon which relief may be granted. The petition is dismissed.

By: Hoffman, P.J.

Delaney, J. and

Wise, Earle, J. concur