[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Washington v. D'Apolito,* Slip Opinion No. 2018-Ohio-5135.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-5135

THE STATE EX REL. WASHINGTON, APPELLANT, *v.* D'APOLITO, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Washington v. D'Apolito,* Slip Opinion No. 2018-Ohio-5135.]

*Mandamus—Standards for granting motion to dismiss under Civ.R. 12(B)(6)— Dismissal of mandamus complaint is warranted only when the relator can prove no set of facts entitling him or her to relief—Court of appeals' dismissal of petition reversed and cause remanded.*

(No. 2018-0326—Submitted July 17, 2018—Decided December 21, 2018.)

APPEAL from the Court of Appeals for Mahoning County, No. 17 MA 0176, 2018-Ohio-626.

_____

**O'CONNOR, C.J.**

{¶ 1} Appellant, Wayman E. Washington, appeals the judgment of the Seventh District Court of Appeals dismissing his complaint for a writ of mandamus

against Mahoning County Common Pleas Court Judge Lou A. D'Apolito. For the reasons set forth below, we reverse the judgment of the court of appeals and remand the matter for further proceedings.

**Background**

{¶ 2} On August 17, 2007, Washington was named as a defendant in a foreclosure suit filed in Mahoning County Common Pleas Court. *Deutsche Bank Natl. Trust Co. v. Washington*, Mahoning C.P. No. 2007 CV 03029. The case was assigned to Judge Timothy E. Franken and resulted in a default judgment and decree of foreclosure against Washington.

{¶ 3} On December 13, 2017, Washington filed a complaint for a writ of mandamus in the Seventh District Court of Appeals, seeking to vacate the foreclosure judgment. Washington alleged that the trial court had lacked jurisdiction to issue the judgment because he had not been served with a copy of the complaint and had never appeared in the case. The complaint named Mahoning County Common Pleas Court Judge R. Scott Krichbaum as the respondent, alleging that he had presided over case No. 2007 CV 03029 and had signed the foreclosure order.

{¶ 4} On January 4, 2018, Judge Krichbaum filed an answer denying all allegations in the complaint combined with a motion to dismiss. As affirmative defenses, Judge Krichbaum argued that even assuming Washington's allegations regarding service of process were true, Washington did not plead facts that constitute an action against Judge Krichbaum because Washington's foreclosure case had been assigned to a different judge and not to him. Judge Krichbaum further asserted that Washington had no right to the extraordinary relief prayed for and also had an adequate remedy by way of direct appeal in the foreclosure case. Consequently, Judge Krichbaum stated, Washington was not entitled to a writ of mandamus.

**{¶ 5}** On February 5, 2018, Washington filed an amended complaint, changing the respondent from Judge Krichbaum to Judge Lou A. D'Apolito.[1] Though the court of appeals had granted Judge D'Apolito 28 days to file an answer, on February 12, the court dismissed the complaint before an answer was filed, holding that Washington had had an adequate remedy at law by way of a direct appeal from the order of foreclosure and was therefore not entitled to relief in mandamus. *State ex rel. Washington v. Krichbaum*, 7th Dist. Mahoning No. 17 MA 0176, 2018-Ohio-626, ¶ 6. A day after the court issued this decision, Judge Krichbaum filed a motion to strike the amended complaint on the grounds that Washington had failed to seek leave of court and that amendment would be futile anyway. The motion was never addressed.

**{¶ 6}** Washington appealed.

### Legal analysis

**{¶ 7}** We review a dismissal of a petition for a writ of mandamus under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8. In conducting our review, we must presume the truth of all factual allegations in the complaint, draw all reasonable inferences in the nonmoving party's favor, and affirm a lower court's judgment " 'only when there is no set of facts under which the nonmoving party could recover.' " *Id.*, quoting *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 12. We have recognized that "a claim that a relator possesses an adequate legal remedy precluding a writ of mandamus seeks an adjudication on the merits" and that "a Civ.R. 12(B)(6) dismissal based upon the merits is unusual and should be granted with caution." *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108-109, 647 N.E.2d 799 (1995).

---

1. Judge D'Apolito defeated Judge Franken in the 2008 primary and won election to the bench that fall.

**{¶ 8}** The court of appeals dismissed the writ action because it determined that Washington had had an available remedy through a direct appeal from the foreclosure order, which he did not exercise. But the availability of a direct appeal is not an adequate remedy when there was a jurisdictional defect. "Mandamus will lie where it is apparent from the record that the inferior court had no jurisdiction, and the writ will lie even though the party aggrieved may also be entitled to appeal." *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 184, 553 N.E.2d 650 (1990).

**{¶ 9}** Washington alleged in his amended complaint filed in the court of appeals that he was never served a copy of the 2007 complaint in the foreclosure case and never made an appearance. If that is true, the trial court lacked jurisdiction to enter a default judgment of foreclosure and the availability of a direct appeal is not an adequate remedy that would preclude mandamus relief here. Thus, we must determine whether the court of appeals properly concluded at the motion-to-dismiss stage that Washington could not prove his allegations regarding lack of service.

**{¶ 10}** "Documents attached to or incorporated into the complaint may be considered on a motion to dismiss pursuant to Civ.R. 12(B)(6)." *NCS Healthcare, Inc. v. Candlewood Partners, L.L.C.*, 160 Ohio App.3d 421, 2005-Ohio-1669, 827 N.E.2d 797, ¶ 20 (8th Dist.). A court is not required to accept allegations in a complaint as true when they are contradicted by documents attached to the complaint. *See Edwards*, 72 Ohio St. 3d at 109, 647 N.E.2d 799. We note that the docket from the foreclosure case, attached by Washington as an exhibit to the amended complaint, contains an entry dated September 11, 2007, that reads "SUMMONS RETURNED & FILED SERVED" (capitalization sic) on Washington. That entry might indicate that proper service was achieved prior to the default judgment. The docket also indicates, however, that a number of other attempts to serve him by certified mail and personally were unsuccessful.

**{¶ 11}** Although docket entries have some evidentiary value, courts have recognized that their value is reduced when contradictory evidence is presented or

averments to the contrary are made. *See, e.g, Murdock v. Hyde*, 12th Dist. Butler No. CA2007-11-289, 2008-Ohio-4313, ¶ 4; *Winters v. Doe*, 8th Dist. Cuyahoga No. 74384, 1998 WL 598786, \*2 (Sept. 10, 1998); *Defini v. Broadview Hts.*, 76 Ohio App.3d 209, 213, 601 N.E.2d 199 (8th Dist.1991). To accept the docket entry regarding service as conclusive evidence over Washington's allegations to the contrary requires us to weigh the facts, make an inference against Washington (who is the nonmoving party), and reject Washington's allegations as false. But we must refrain from doing so at the motion-to-dismiss stage. The dissenting opinion confuses the posture of this case with one of summary judgment by suggesting that this court can stand in the shoes of the fact-finder at the pleading stage.

**{¶ 12}** The dissenting opinion asserts that Washington's act of filing a motion to vacate the foreclosure judgment in September 2017 demonstrates that he has an adequate remedy at law. But as discussed above, relief in mandamus is available when the lower court lacked jurisdiction even though the aggrieved party may have been entitled to appeal. *Ballard*, 50 Ohio St.3d 182 at 184, 553 N.E.2d 650. The cases cited in the dissenting opinion do not involve a relator alleging a jurisdictional defect for failure of service of a summons. *See, e.g., State ex rel. Walker v. Kilbane Koch*, 98 Ohio St.3d 295, 2003-Ohio-856, 784 N.E2d 96 (requesting a writ of procedendo to compel a trial court judge to reenter a judgment entry in a case in which the relator had appeared as the plaintiff); *State ex rel. Smith v. Fuerst*, 89 Ohio St.3d 456, 732 N.E.2d 983 (2000) (requesting a writ of mandamus to compel a common pleas court clerk to re-serve a judgment entry denying postconviction relief; the mandamus case was decided at the summary-judgment stage and there was no issue regarding personal jurisdiction in the underlying case). Moreover, the docket's notation that Washington filed a motion to vacate about ten years after the default judgment in the foreclosure case does not conclusively contradict Washington's allegation that he was not served with the 2007 foreclosure complaint.

**{¶ 13}** Given the ambiguity of the limited information we may consider at this stage and Washington's allegations to the contrary, we cannot conclude, with appropriate caution, that Washington could prove no set of facts entitling him to relief. That inquiry and analysis of the merits is beyond our role at this stage of the proceedings and is best conducted by the court of appeals on remand. Thus, we reverse the judgment of the court of appeals and remand this cause to that court for further proceedings.

**{¶ 14}** Judge Krichbaum argues in the alternative that he is not the proper respondent and that the dismissal should be affirmed on that basis. But Washington cured that defect by amending the complaint to name Judge D'Apolito as the respondent. In his motion to strike, Judge Krichbaum argued that the amended complaint was ineffective because Washington failed to seek leave of court to file it. However, Washington was not required to seek leave of court.

**{¶ 15}** The Rules of Civil Procedure governing the amendment of pleadings apply to original mandamus actions in the courts of appeals. *See* R.C. 2731.09 ("pleadings [in a mandamus action] have the same effect, must be construed, [and] may be amended * * * in the same manner as in civil actions"; *see also* Civ.R. 1(A) and (C); *State ex rel. Millington v. Weir*, 60 Ohio App.2d 348, 350, 397 N.E.2d 7709 (10th Dist.1978). Pursuant to the time periods for filing outlined in Civ.R. 15(A) and 6, Washington's amended complaint was timely filed. Judge Krichbaum's alternative argument for sustaining the dismissal is therefore without merit.

Judgment reversed
and cause remanded.

FRENCH and DeGENARO, JJ., concur.

FISCHER, J., concurs in judgment only.

KENNEDY, J., dissents, with an opinion joined by O'DONNELL and DeWINE, JJ.

_____

**KENNEDY, J., dissenting.**

{¶ 16} Wayman E. Washington appeals from a judgment of the Seventh District Court of Appeals dismissing his amended complaint seeking a writ of mandamus to vacate a 2007 foreclosure decree for lack of personal jurisdiction. However, because the documents he attached to the amended complaint demonstrate that he received service of process in the underlying foreclosure action and because he has previously sought to obtain an adequate remedy in the ordinary course of the law by moving to vacate the foreclosure decree, he is not entitled to a writ of mandamus. I therefore dissent and would affirm the judgment of the court of appeals.

### Facts and Procedural History

{¶ 17} Washington filed this mandamus action on December 13, 2017, against Mahoning County Common Pleas Court Judge R. Scott Krichbaum seeking to collaterally attack a 2007 default judgment and foreclosure decree against his property. He alleged that he had never received service of process and that the default judgment and foreclosure decree were void for lack of personal jurisdiction.

{¶ 18} He also attached to the complaint that he filed in the court of appeals the docket for the foreclosure action, which has entries showing that the clerk sent the summons and a copy of the foreclosure complaint to Washington and his wife by certified mail to three different addresses. The clerk also issued the summons and complaint to a process servicer, listing the same three addresses for personal service. The docket reflects that all three attempts of service by certified mail failed and were returned unclaimed. Also, two of the summonses issued for personal service were marked on the docket as "RETURNED & FILED DID NOT SERVE" (capitalization sic) with a note that Washington did not reside at the address provided. However, a third entry includes the statement "SUMMONS RETURNED & FILED SERVED" (capitalization sic) on Washington and the

docket includes the same statement regarding his wife. Accordingly, the docket is unambiguous; there were six attempts at service on Washington—five failed and one was successful.

**{¶ 19}** On January 4, 2018, Judge Krichbaum answered and moved to dismiss in a combined filing, denying all allegations in the complaint and asserting that the complaint failed to state a claim upon which relief could be granted pursuant to Civ.R. 12(B)(6). In a memorandum in support of the combined answer and motion to dismiss, Judge Krichbaum maintained that he was not a proper party to the action because the foreclosure case had been assigned to another judge. He also contended that Washington had an adequate remedy in the ordinary course of the law, noting that Washington had previously moved to vacate the foreclosure entry in September 2017 and that a magistrate for Judge Lou A. D'Apolito had denied the motion in October 2017.

**{¶ 20}** Without leave of court, Washington filed an amended complaint naming Judge D'Apolito (and deleting Judge Krichbaum) as the respondent on February 5, 2018. The amended complaint included the same docket pages for the foreclosure case that had been attached to the initial complaint.

**{¶ 21}** The court of appeals dismissed the complaint, concluding that Washington had an adequate remedy in the ordinary course of the law by way of an appeal from the foreclosure decree.

**{¶ 22}** Washington appealed as of right.

### Law and Analysis

**{¶ 23}** A party seeking a writ of mandamus bears the burden of establishing a clear legal right to the relief requested, a clear legal duty on the part of the respondent to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Bradford v. Dinkelacker*, 146 Ohio St.3d 219, 2016-Ohio-2916, 54 N.E.3d 1216, ¶ 5. An adequate remedy at law is one that is complete,

beneficial, and speedy. *State ex rel. Kerns v. Simmers*, 153 Ohio St.3d 103, 2018-Ohio-256, 101 N.E.3d 430, ¶ 10.

**{¶ 24}** A complaint for a writ of mandamus may be dismissed for failure to state a claim upon which relief can be granted "if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9. We have recognized that in reviewing a court of appeals' decision to dismiss a mandamus action, " '[o]ur plenary authority in extraordinary actions permits us to consider the instant appeal as if it had been originally filed in this court.' " *State ex rel. Evans v. McGrath*, 153 Ohio St.3d 287, 2018-Ohio-3018, 104 N.E.3d 779, ¶ 4, quoting *State ex rel. Minor v. Eschen*, 74 Ohio St.3d 134, 138, 656 N.E.2d 940 (1995). Therefore, even if a court of appeals erred in its reasons for dismissing a complaint, there is no need for a remand when the record is sufficient for us to decide the case. *See State ex rel. Natl. Lime & Stone Co. v. Marion Cty. Bd. of Commrs.*, 152 Ohio St.3d 393, 2017-Ohio-8348, 97 N.E.3d 404, ¶ 27.

**{¶ 25}** Although the dismissal of a complaint under Civ.R. 12(B)(6) tests the sufficiency of the complaint and therefore generally does not address the merits of the claim, "we have continued to affirm dismissals of extraordinary writ actions because of the presence of an adequate remedy in the ordinary course of the law." *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 19. This practice has not changed; we have in a number of very recent cases affirmed the dismissals of mandamus actions when it was evident that the relators had an adequate remedy in the ordinary course of the law. *See, e.g., State ex rel. Sands v. Court of Common Pleas*, ___ Ohio St.3d ___, 2018-Ohio-4245, ___ N.E.3d ___, ¶ 10, 12; *State ex rel. Johnson v. Kral*, 153 Ohio St.3d 231, 2018-Ohio-2382, 103 N.E.3d 814, ¶ 5; *State ex rel. Bradford v. Dinkelacker*, 149 Ohio St.3d

683, 2017-Ohio-1342, 77 N.E.3d 935, ¶ 5; *State ex rel. Bevins v. Cooper*, 150 Ohio St.3d 22, 2016-Ohio-5578, 78 N.E.3d 828, ¶ 5; *Shoop v. State*, 144 Ohio St.3d 374, 2015-Ohio-2068, 43 N.E.3d 432, ¶ 9.

{¶ 26} The lead opinion correctly acknowledges that the court can consider the docket attached to Washington's complaint in determining whether he has stated a claim for relief and that we are not required to accept allegations in a complaint as true when they are contradicted by documents attached to the complaint. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569, 664 N.E.2d 931 (1996), fn. 1 ("Incorporated material may be considered as part of the complaint"); *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 109, 647 N.E.2d 799 (1995) (material submitted with a complaint may be considered in ruling on a Civ.R. 12(B)(6) motion to dismiss and dismissal is proper when a document attached to the complaint "indicates that the relief requested is not warranted").

{¶ 27} Washington's affidavit in support of his complaint and amended complaint relies on the docket in the foreclosure case, and he attached the docket to his complaint to substantiate his claim that he was not served with process. He therefore opened the door to the docket's consideration, and the docket discloses that Washington and his wife were in fact served with the complaint in the foreclosure action on August 31, 2007, with the summonses returned and filed "served" on September 11, 2007. That should end the analysis; Washington pleaded himself out of court because the docket he attached to his amended complaint demonstrated perfection of service.

{¶ 28} The lead opinion, however, insists that the docket entries are ambiguous—it supposes that the entry reading "SUMMONS RETURNED & FILED SERVED" (capitalization sic) "might indicate that proper service was achieved prior to the default judgment," but it discounts this entry because there were other attempts at service. Lead opinion at ¶ 10. However, the docket

unambiguously shows six attempts to serve Washington; five were unsuccessful and the sixth one was successful; therefore, all attempts at service are accounted for. Contrary to the lead opinion's claim, this is not a question of weighing the facts and making an inference against Washington; rather, this is simply a question of giving credence to the docket sheet—a document that he himself attached to his complaint. Washington cannot rely on the docket to show entitlement to the writ and then avoid the fact that it shows personal service, thereby conclusively disproving his entitlement to that relief.

**{¶ 29}** The trial court had personal jurisdiction over Washington before the entry of the default judgment and the foreclosure decree. Accordingly, the court of appeals correctly concluded that he had an adequate remedy in the ordinary course of the law to challenge the default judgment and the foreclosure of his property by a direct appeal from those orders. It therefore properly dismissed the complaint for failure to state a claim upon which relief can be granted.

**{¶ 30}** Dismissal of Washington's complaint was appropriate for another reason. The same docket attached to the complaint and amended complaint also indicates that on September 18, 2017, Washington filed a motion in the trial court to vacate the foreclosure judgment and dismiss the complaint for foreclosure. The docket reflects the entry of a magistrate's order denying the motion on October 20, 2017, and there are no contrary allegations in the complaint.

**{¶ 31}** Although it is true that "[a] magistrate's decision is not effective unless adopted by the court," Civ.R. 53(D)(4)(a), and it does not appear from the docket attached to Washington's complaint and amended complaint that Judge D'Apolito ever adopted the magistrate's order, that does not change the fact that Washington has available an adequate remedy in the ordinary course of the law and has actually sought to invoke that remedy. *See State ex rel. Walker v. Kilbane Koch*, 98 Ohio St.3d 295, 2003-Ohio-856, 784 N.E.2d 96, ¶ 5 ("Walker had an adequate remedy in the ordinary course of law by a Civ.R. 60(B) motion for relief from

judgment to raise his contention that he did not receive notice of the judgment"); *State ex rel. Smith v. Fuerst*, 89 Ohio St.3d 456, 457, 732 N.E.2d 983 (2000) (noting that a motion for relief from judgment is an adequate remedy at law that precludes relief in mandamus).

**{¶ 32}** An appeal from the denial of a motion for relief from judgment is a complete, beneficial, and speedy remedy. In fact, Washington seeks the exact same relief in this mandamus action that would be available from an appeal of the denial of his motion—i.e., an order to the trial court to vacate the default judgment and foreclosure decree—and it is well established that mandamus is not a substitute for an appeal. *See State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, 4 N.E.3d 1040, ¶ 11; *State ex rel. West v. Price*, 62 Ohio St.2d 143, 144, 404 N.E.2d 139 (1980).

**{¶ 33}** For these reasons, the court of appeals properly dismissed Washington's mandamus action, and its judgment should be affirmed.

O'DONNELL and DEWINE, JJ., concur in the foregoing opinion.

—————————

Wayman E. Washington, pro se.

Paul J. Gains, Mahoning County Prosecuting Attorney, and Ralph M. Rivera, Assistant Prosecuting Attorney, for appellee.

—————————