Kennedy, J., dissenting.
{¶ 16} Wayman E. Washington appeals from a judgment of the Seventh District Court of Appeals dismissing his amended complaint seeking a writ of mandamus to vacate a 2007 foreclosure decree for lack of personal jurisdiction. However, because the documents he attached to the amended complaint demonstrate that he received service of process in the underlying foreclosure action and because he has previously sought to obtain an adequate remedy in the ordinary course of the law by moving to vacate the foreclosure decree, he is not entitled to a writ of mandamus. I therefore dissent and would affirm the judgment of the court of appeals.
*82 Facts and Procedural History
{¶ 17} Washington filed this mandamus action on December 13, 2017, against Mahoning County Common Pleas Court Judge R. Scott Krichbaum seeking to collaterally attack a 2007 default judgment and foreclosure decree against his property. He alleged that he had never received service of process and that the default judgment and foreclosure decree were void for lack of personal jurisdiction.
{¶ 18} He also attached to the complaint that he filed in the court of appeals the docket for the foreclosure action, which has entries showing that the clerk sent the summons and a copy of the foreclosure complaint to Washington and his wife by certified mail to three different addresses. The clerk also issued the summons and complaint to a process servicer, listing the same three addresses for personal service. The docket reflects that all three attempts of service by certified mail failed and were returned unclaimed. Also, two of the summonses issued for personal service were marked on the docket as "RETURNED & FILED DID NOT SERVE" (capitalization sic) with a note that Washington did not reside at the address provided. However, a third entry includes the statement "SUMMONS RETURNED & FILED SERVED" (capitalization sic) on Washington and the docket includes the same statement regarding his wife. Accordingly, the docket is unambiguous; there were six attempts at service on Washington-five failed and one was successful.
{¶ 19} On January 4, 2018, Judge Krichbaum answered and moved to dismiss in a combined filing, denying all allegations in the complaint and asserting that the complaint failed to state a claim upon which relief could be granted pursuant to *953 Civ.R. 12(B)(6). In a memorandum in support of the combined answer and motion to dismiss, Judge Krichbaum maintained that he was not a proper party to the action because the foreclosure case had been assigned to another judge. He also contended that Washington had an adequate remedy in the ordinary course of the law, noting that Washington had previously moved to vacate the foreclosure entry in September 2017 and that a magistrate for Judge Lou A. D'Apolito had denied the motion in October 2017.
{¶ 20} Without leave of court, Washington filed an amended complaint naming Judge D'Apolito (and deleting Judge Krichbaum) as the respondent on February 5, 2018. The amended complaint included the same docket pages for the foreclosure case that had been attached to the initial complaint.
{¶ 21} The court of appeals dismissed the complaint, concluding that Washington had an adequate remedy in the ordinary course of the law by way of an appeal from the foreclosure decree.
{¶ 22} Washington appealed as of right.
*83 Law and Analysis
{¶ 23} A party seeking a writ of mandamus bears the burden of establishing a clear legal right to the relief requested, a clear legal duty on the part of the respondent to provide it, and the lack of an adequate remedy in the ordinary course of the law. State ex rel. Bradford v. Dinkelacker , 146 Ohio St.3d 219, 2016-Ohio-2916, 54 N.E.3d 1216, ¶ 5. An adequate remedy at law is one that is complete, beneficial, and speedy. State ex rel. Kerns v. Simmers , 153 Ohio St.3d 103, 2018-Ohio-256, 101 N.E.3d 430, ¶ 10.
{¶ 24} A complaint for a writ of mandamus may be dismissed for failure to state a claim upon which relief can be granted "if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." State ex rel. Russell v. Thornton , 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9. We have recognized that in reviewing a court of appeals' decision to dismiss a mandamus action, " '[o]ur plenary authority in extraordinary actions permits us to consider the instant appeal as if it had been originally filed in this court.' " State ex rel. Evans v. McGrath , 153 Ohio St.3d 287, 2018-Ohio-3018, 104 N.E.3d 779, ¶ 4, quoting State ex rel. Minor v. Eschen , 74 Ohio St.3d 134, 138, 656 N.E.2d 940 (1995). Therefore, even if a court of appeals erred in its reasons for dismissing a complaint, there is no need for a remand when the record is sufficient for us to decide the case. See State ex rel. Natl. Lime & Stone Co. v. Marion Cty. Bd. of Commrs. , 152 Ohio St.3d 393, 2017-Ohio-8348, 97 N.E.3d 404, ¶ 27.
{¶ 25} Although the dismissal of a complaint under Civ.R. 12(B)(6) tests the sufficiency of the complaint and therefore generally does not address the merits of the claim, "we have continued to affirm dismissals of extraordinary writ actions because of the presence of an adequate remedy in the ordinary course of the law." State ex rel. Hummel v. Sadler , 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 19. This practice has not changed; we have in a number of very recent cases affirmed the dismissals of mandamus actions when it was evident that the relators had an adequate remedy in the ordinary course of the law. See, e.g. , State ex rel. Sands v. Court of Common Pleas , 155 Ohio St.3d 238, 2018-Ohio-4245, 120 N.E.3d 799, ¶ 10, 12 ; State ex rel. Johnson v. Kral , 153 Ohio St.3d 231, 2018-Ohio-2382, 103 N.E.3d 814, ¶ 5 ;
*954 State ex rel. Bradford v. Dinkelacker , 149 Ohio St.3d 683, 2017-Ohio-1342, 77 N.E.3d 935, ¶ 5 ; State ex rel. Bevins v. Cooper , 150 Ohio St.3d 22, 2016-Ohio-5578, 78 N.E.3d 828, ¶ 5 ; Shoop v. State , 144 Ohio St.3d 374, 2015-Ohio-2068, 43 N.E.3d 432, ¶ 9.
{¶ 26} The lead opinion correctly acknowledges that the court can consider the docket attached to Washington's complaint in determining whether he has stated a claim for relief and that we are not required to accept allegations in a complaint *84 as true when they are contradicted by documents attached to the complaint. State ex rel. Midwest Pride IV, Inc. v. Pontious , 75 Ohio St.3d 565, 569, 664 N.E.2d 931 (1996), fn. 1 ("Incorporated material may be considered as part of the complaint"); State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn. , 72 Ohio St.3d 106, 109, 647 N.E.2d 799 (1995) (material submitted with a complaint may be considered in ruling on a Civ.R. 12(B)(6) motion to dismiss and dismissal is proper when a document attached to the complaint "indicates that the relief requested is not warranted").
{¶ 27} Washington's affidavit in support of his complaint and amended complaint relies on the docket in the foreclosure case, and he attached the docket to his complaint to substantiate his claim that he was not served with process. He therefore opened the door to the docket's consideration, and the docket discloses that Washington and his wife were in fact served with the complaint in the foreclosure action on August 31, 2007, with the summonses returned and filed "served" on September 11, 2007. That should end the analysis; Washington pleaded himself out of court because the docket he attached to his amended complaint demonstrated perfection of service.
{¶ 28} The lead opinion, however, insists that the docket entries are ambiguous-it supposes that the entry reading "SUMMONS RETURNED & FILED SERVED" (capitalization sic) "might indicate that proper service was achieved prior to the default judgment," but it discounts this entry because there were other attempts at service. Lead opinion at ¶ 10. However, the docket unambiguously shows six attempts to serve Washington; five were unsuccessful and the sixth one was successful; therefore, all attempts at service are accounted for. Contrary to the lead opinion's claim, this is not a question of weighing the facts and making an inference against Washington; rather, this is simply a question of giving credence to the docket sheet-a document that he himself attached to his complaint. Washington cannot rely on the docket to show entitlement to the writ and then avoid the fact that it shows personal service, thereby conclusively disproving his entitlement to that relief.
{¶ 29} The trial court had personal jurisdiction over Washington before the entry of the default judgment and the foreclosure decree. Accordingly, the court of appeals correctly concluded that he had an adequate remedy in the ordinary course of the law to challenge the default judgment and the foreclosure of his property by a direct appeal from those orders. It therefore properly dismissed the complaint for failure to state a claim upon which relief can be granted.
{¶ 30} Dismissal of Washington's complaint was appropriate for another reason. The same docket attached to the complaint and amended complaint also indicates that on September 18, 2017, Washington filed a motion in the trial court to vacate the foreclosure judgment and dismiss the complaint for foreclosure. The *85 docket reflects the entry of a magistrate's order denying the motion on October 20, 2017, and there are no contrary allegations in the complaint.
{¶ 31} Although it is true that "[a] magistrate's decision is not effective unless *955 adopted by the court," Civ.R. 53(D)(4)(a), and it does not appear from the docket attached to Washington's complaint and amended complaint that Judge D'Apolito ever adopted the magistrate's order, that does not change the fact that Washington has available an adequate remedy in the ordinary course of the law and has actually sought to invoke that remedy. See State ex rel. Walker v. Kilbane Koch , 98 Ohio St.3d 295, 2003-Ohio-856, 784 N.E.2d 96, ¶ 5 ("Walker had an adequate remedy in the ordinary course of law by a Civ.R. 60(B) motion for relief from judgment to raise his contention that he did not receive notice of the judgment"); State ex rel. Smith v. Fuerst , 89 Ohio St.3d 456, 457, 732 N.E.2d 983 (2000) (noting that a motion for relief from judgment is an adequate remedy at law that precludes relief in mandamus).
{¶ 32} An appeal from the denial of a motion for relief from judgment is a complete, beneficial, and speedy remedy. In fact, Washington seeks the exact same relief in this mandamus action that would be available from an appeal of the denial of his motion-i.e., an order to the trial court to vacate the default judgment and foreclosure decree-and it is well established that mandamus is not a substitute for an appeal. See State ex rel. Richfield v. Laria , 138 Ohio St.3d 168, 2014-Ohio-243, 4 N.E.3d 1040, ¶ 11 ; State ex rel. West v. Price , 62 Ohio St.2d 143, 144, 404 N.E.2d 139 (1980).
{¶ 33} For these reasons, the court of appeals properly dismissed Washington's mandamus action and its judgment should be affirmed.
O'Donnell and DeWine, JJ., concur in the foregoing opinion.