[Cite as *State ex rel. Antler v. Columbus*, 2022-Ohio-772.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| [State ex rel. Douglas Antler, | : | |
| Relator, | : | No. 21AP-440 |
| v. | : | |
| | | (REGULAR CALENDAR) |
| City of Columbus, | : | |
| Respondent.] | : | |

---

D E C I S I O N

Rendered on March 15, 2022

---

**On brief:** *Douglas Antler*, pro se.

**On brief**: *Zach Klein*, City Attorney, and *Amy C. O'Grady*, for respondent.

---

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

SADLER, J.

{¶ 1} Relator, Douglas Antler, requests this court issue a writ of mandamus ordering the Franklin County Municipal Court and the Clerk of Court to correct the record of a public-nuisance case to include him as a party and to send him all notices and orders entered in that case. Respondent filed a motion to dismiss relator's petition.

{¶ 2} This matter was referred to a magistrate pursuant to Civ.R. 53(D) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law. The magistrate found relator brought the present original action in his own name as the "defendant," incorrectly listed the case number assigned to a separate appeal of the public-nuisance action (2019 EVH 060365), and failed to seek leave to amend his complaint. (Mag. Findings of Fact at 3, citing Sept. 3,

2021 Cmpl.) Accordingly, the magistrate recommended that this court grant respondent's motion to dismiss relator's complaint.

{¶ 3} Relator filed an objection to the magistrate's decision. Within it, relator argues, "[c]learly, the Petition for Writ of Mandamus was brought in the name of the State on the relation of the person applying." (Obj. at 2.) Relator also contends the magistrate's decision is "faulty because it presumes a fact not in evidence; something which in fact is not true" and that "a more thorough treatment of the issue is necessary than is possible based upon information available[.]" (Obj. at 2-3.) Relator explains he "does not presently have enough information to adequately respond to Respond[e]nt's motion to dismiss" since, for example, there still exists the unanswered question of "why * * * Respond[e]nt want[s] so much to exclude Relator from all proceedings[.]" (Obj. at 4.) Relator concludes his objection with a "Motion for Continuance and Leave of Court" to allow him to "prepare and serve Respond[e]nt with interrogatory to obtain information and complete answer to Respond[e]nt's motion to dismiss[.]" (Obj. at 4.)

{¶ 4} Pursuant to Civ.R. 53(D)(4)(d), this court is tasked with ruling on relator's objection by "undertak[ing] an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." *Id*; Loc.R. 13(M)(1). We "may adopt or reject a magistrate's decision in whole or in part, with or without modification." Civ.R. 53(D)(4)(b); Loc.R. 13(M)(1). Having conducted an independent review of the matters raised in relator's objection, we find the magistrate properly determined that the writ should be dismissed.

{¶ 5} Contrary to relator's objection, the caption of the complaint here shows this action was not brought in the name of the state on the relation of the person applying, as required by R.C. 2731.04. *Shoop v. State*, 144 Ohio St.3d 374, 2015-Ohio-2068, ¶ 10, quoting R.C. 2731.04 ("an application for a writ of mandamus 'must be * * * in the name of the state on the relation of the person applying.' ") After respondent raised this issue, relator failed to seek leave to amend the case caption. In such circumstances, dismissal of the complaint is required. *Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, ¶ 36 ("If * * * a respondent in a mandamus action raises this R.C. 2731.04 defect and relators fail to seek leave to amend their complaint to comply with R.C. 2731.04, the mandamus action must be dismissed.") *See, e.g., Ashley v. Kevin O'Brien & Assocs. Co., L.P.A.*, 10th

Dist. No. 20AP-354, 2022-Ohio-24, ¶ 10 (determining a request for a writ of mandamus "fail[ed] immediately" where the relator did not bring the action "in the name of the state on the relation of the person applying" and leave to amend was not requested.).

{¶ 6} The magistrate's determination in this regard was based on facts in evidence (the pleadings) and not presumptions, as asserted by relator. Furthermore, relator has not explained how time to gather more information would yield a different R.C. 2731.04 determination. Relator seems to request time to gather evidence on respondent's motive to (allegedly) exclude him from the public-nuisance case, but that information is irrelevant to whether relator complied with statutory law regarding the caption of this case. Relator's motion for a continuance and leave to prepare and serve interrogatories is denied.

{¶ 7} On examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and consideration of relator's objection, we find the magistrate properly determined the facts and appropriately applied the law. Accordingly, we overrule relator's objection and adopt the magistrate's decision as our own. In accordance with the magistrate's recommendation, we dismiss the requested writ of mandamus.

*Objection overruled;*
*writ of mandamus dismissed;*
*motion for continuance denied.*

LUPER SCHUSTER, P.J., and BEATTY BLUNT, J., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. Douglas Antler, | : | |
| Relator, | : | |
| v. | : | No. 21AP-440 |
| City of Columbus, | : | (REGULAR CALENDAR) |
| Respondent.] | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on October 27, 2021

*Douglas Antler,* pro se.

*Zach Klein,* City Attorney, and *Amy C. O'Grady,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

**{¶ 8}** Relator, Douglas Antler, has filed this original action seeking a writ of mandamus, ordering respondent, Franklin County Municipal Court Clerk, to enter an order that he was informed orally by an officer of the court that he would not be allowed to speak until after the hearing was over and to send all notices and mailings to all parties in the case. Respondent has filed a motion to dismiss relator's petition for writ of mandamus.

Findings of Fact:

{¶ 9}  1. Relator alleges he is a party in a public-nuisance case pending in the Franklin County Municipal Court case No. 2019 EVH 060365, although he is not specifically listed as a party in the case information available from respondent's internet website.

{¶ 10}  2. Lori Tyack is the elected Clerk of the Franklin County Municipal Court, the respondent in this case.

{¶ 11}  3. On September 3, 2021, relator filed a petition for writ of mandamus. Although in the case caption for his petition relator incorrectly listed himself as the defendant in this case and incorrectly listed the case number from a pending appellate case emanating from the same public-nuisance action, he indicated that the present action was being brought by:

> Douglas Antler
> Defendant

{¶ 12}  4. On October 11, 2021, respondent filed a motion to dismiss relator's petition for writ of mandamus, pursuant to Civ.R. 12(B)(6), asserting that relator failed to bring his petition in the name of the state on the relation of the person applying, as required by R.C. 2731.04, as well as other reasons for dismissal.

{¶ 13}  5. Relator has not filed a responsive pleading to respondent's motion to dismiss.

Conclusions of Law:

{¶ 14}  In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent

to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 15} A motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. "In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 10, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶ 16} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 17} In the present case, respondent argues that relator's petition should be dismissed because relator did not follow R.C. 2731.04 when he failed to name the State of Ohio on the relation in his petition. R.C. 2731.04 provides that an "[a]pplication for the writ of mandamus must be * * * in the name of the state on the relation of the person applying." Although the failure to name the State of Ohio on the relation in a petition is grounds for dismissal, *see Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, ¶ 35-36, a relator may seek leave to amend the complaint to comply with R.C. 2731.04. *Id.* Here, relator has not filed a motion for leave to amend his complaint to name the State of Ohio on the relation of relator. Therefore, respondent's motion to dismiss on this ground is granted.

{¶ 18} Accordingly, the magistrate recommends that this court grant respondent's motion to dismiss relator's petition for writ of mandamus based upon his failure to comply with the requirements of R.C. 2731.04.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).